OPINION OF THE COURT.
THIS was a motion made in the circuit court by Hume against Stephens, late sheriff of Bourbon county, under the act of January 1811, relative to sheriffs. The object of the motion was, to recover from Stephens the amount of executions, together with thirty per cent, damages thereon, which had issued in favor of Hume, and which were put into the hands of Stephens’ deputy for collection, but which executions were not returned to the clerk’s office from whence they issued, with in thirty days from their return days. Stephens was cited by the notice to appear on the sixth day of the term, and on the second day of the general election for representatives, was served with the notice, by the coroner handing him the notice, which, after reading and understanding its object, was returned by Stephens to the coroner. The notice was returned by the coroner, executed; and on the sixth day of the term, by the mutual consent of the parties, an order of court was made, continuing the cause to the tenth day. On the tenth day, Stephens appeared and objected to the legality and sufficiency of the service of the notice; whereupon Hume introduced the coroner, and proved by him that the notice was served on the day and in the manner already mentioned. The objections to the service were overruled by the court, and exceptions taken and made part of the record.
1. If a notice can be regularly served on a day of election, we apprehend, the service, as proved by the coroner, must be sufficient. The most usual manner of serving notices, is by delivering a copy to the person against whom the motion is intended to be made; but that is not the only practicable mode. The object of a notice is, to afford the person to whom it is given an opportunity of contesting the alleged complaint against him ; and that object was accomplished as fully by Stephens’ reading and understanding the object of the original notice handed to him, as if the coroner had delivered him a copy.
2. And as to serving a notice on an election day, we know of no law which forbids it. There is a statute of this country, forbidding the service of process on the day of an election ; but a notice is not, in technical language, a process, and does not, we ap *8 prehend, come within the operation of the law to which we allude. The statute not only employs the expression, process, but is expressly directory to the sheriff and should be construed to apply to such process only, as must be directed to, and served by an officer. But a notice is directed to no officer; and although it may be served by an officer, it may be secured by any private individual.
A laying over or continuing such motion to a subsequent day of the same term, amounts only to a special imparlance; consequently, it is not a waiver of any matter in abatement, which the defendant in the motion could have urged on the appearance day.
The act of 1809, respecting filing pleas in abatement, does not apply to motions.
3. After the objections made by Stephens to the service of the notice, were overruled, he moved the court to abate the proceedings, on the ground, that a notice for the same cause had been given to him by Hume, previous to the commencement of this motion, and returnable to a previous term of the court; and was about to show, that the motion of which he was first notified, was still depending in court, by reading the proceedings therein; but the court being of opinion no motion in abatement could be made after the day to which Stephens was cited to appear, refused to permit Stephens to proceed, and overruled his motion for an abatement.
In the decision thus given, we are of opinion the court erred. Unless there exists some statutory provision, which prohibits it, there is certainly nothing in the general rules of pleading, which can preclude Stephens from availing himself of the matter insisted on by him in abatement. Matter of abatement may, no doubt, be waived, and if not taken advantage of in proper time, and before defence made to the merits, will not be regarded ; but in this case, there had been no attempt at a defence to the merits, and the agreement of the parties on the sixth day to continue the cause to the tenth day, was nothing more than a special imparlance; and after a special imparlance, according to the rules of the common law, abateable matter may be pleaded.
4. We are aware, that by a statute of this country it is declared, “ that after the day to which a cause is docketed for trial at the first term, no plea to the jurisdiction of the court, or in abatement, shall be filed”— 1 Dig. 260; and if proceedings by motion come within the influence of that statute, it will be admitted, the attempt of Stephens to avail himself of the matter in abatement, came too late. But, by adverting to the several provisions of the statute, of which the clause *9 we have cited forms a part, it will be perceived that the legislature intended barely to prescribe rules and regulations for the government of cases where the pleadings are required to be in writing. But there is no necessity for the pleadings to be in writing, in cases of motions. There, the pleadings are ore tenus ; and it would be absurd to speak of filing pleas, when they are not written.
The pendency of another motion, previously made and still depending for the same default, is proper matter in abatement.
The statute, therefore, has no application to cases of motion; and according to the principles of pleading at common law, the court ought to have permitted Stephens to establish the fact insisted on by him in abatement of the motion.
The judgment must, consequently, be reversed with costs, the cause remanded to the court below, for further proceedings, not inconsistent with this opinion.