Peirce *vs.* Hill.

---

PEIRCE *VS.* HILL.

1. When a defendant justifies, under a writ, or other authority, he should set it out substantially and-particularly in his plea—general allegations are not sufficient.

2. A levy made on Sunday, is void by statute, and does not divest defendant's title to the property levied on.

3. And detinue will lie to recover property levied on, on Sunday.

4. Detinue lies in every case, where the owner prefers recovering the specific property, to damages for its conversion, and no regard is had to the manner in which defendant acquired possession.

Error to Jefferson Circuit court.

Detinue—tried before *Chapman*, J.

The plaintiff in error brought an action of *detinue*, in the Circuit court of Jefferson, against the defendant, for the recovery of a horse. To which the defendant pleaded—

1. *Non-detinet;*

2. That as a *constable*, and by virtue of sundry executions, he levied on, and sold the horse, with the detention of which he was charged.

To the *second plea*, the plaintiff replied, that the defendant levied on and took possession of the horse, on the Sabbath, or first day of the week; whereupon, the defendant demurred —and his demurrer being sustained, and a verdict and judgment having been rendered against the plaintiff,—the plaintiff prosecuted his writ of error to this court.

*W. K. Baylor*, for plaintiff in error.
*Peck*, contra.

COLLIER, C. J.—The plaintiff insists—

1. That the second plea of the defendant is bad;

2. That if the plea is good, his replication is a sufficient answer to it.

1. Upon principle, it would seem clear, that when a defendant justifies under a writ, or any other authority whatever, he should set it out substantially in his plea. And it is not sufficient to allege *generally*, that he committed the act complained of, by virtue of a certain writ, or other warrant, but he must show particularly, at whose instance it issued, the time when, &c.—(Co. Lit. 283, *a* 3 Mad. R. 137, 138; Mathews vs. Cary, 1 Salk's R. 107, 108; Lamb vs. Mills, 4 Mad. R. 378; Com. Dig. Pl. (E. 17.) Unless the process is described in the plea, how can the plaintiff know what he will be required to disprove, or how can he frame his replication understandingly?

Pcirce *vs.* Hill.

In the present case, the plea alleges that the defendant, as constable, *by virtue of sundry executions, &c., levied on, &c.* The plea is obviously insufficient, as a plea of justification, because of the generality of terms, and the demurrer to the replication should have been visited upon it.

2. By the third section of the act of eighteen hundred and three, "for the suppression of vice and immorality," (Aik. Dig. 440,) it is enacted, that "No person or persons upon the first day of the week, called Sunday, shall serve or execute, or shall cause to be served or executed, any writ, process, order, warrant, judgment, or decree, (except in criminal cases, or for a breach of the peace,) but the service of every such writ, process, order, warrant, judgment, or decree, shall be void to all intents and purposes whatsoever: and the person or persons so serving or executing the same, shall be liable to the suit of the party aggrieved, and to answer damages to him for the doing thereof, as if he or they had done the same without any writ, process, order, warrant, judgment, or decree." The section contains a *proviso,* which authorises the service of process on the person, under certain circumstances, but as it can have no influence upon the case, it need not be more particularly noticed.

The part of the act we have quoted, is so similar in its terms to the statute of the 39 Car. II, ch. 7, s. 6, as to leave no doubt that it was copied from that statute— (Watson's sheriff, 62; 7 vol. L. Lib.)   Under that act, it has been held, that the mere service of process on a Sunday, is void; and where a person has been arrested or served with process on a Sunday, the arrest or service is

9 P                20

wholly void, so much so, that no waiver by the party can cure the irregularity. So, if the defendant or his goods be in the custody of the sheriff, the court will set the execution aside, or discharge the defendant out of custody on motion—(Taylor vs. Phillips, 3 East's R. 155; 5 T. R. 25; 6 Mod. R. 95.)

The levy, then, being void, because it was made on Sunday, did not divest the plaintiff's title, and it was unnecessary for him to reply to so much of the plea, as alleged a sale under the levy. It was enough for the plaintiff to state matter, which avoided the defendant's justification, and for that purpose his replication was sufficient.

Upon the hypothesis that the law is for the plaintiff, upon both the points made by him, the counsel for the defendant has argued that the action of *detinue* is not an appropriate remedy in the case disclosed by the record. The second plea being out of the way, there is nothing to distinguish the present from an ordinary action of *detinue*. We will, however, with a view to foreclose further controversy on the point, consider the objection made by the defendant's counsel.

The action of *detinue* is defined in the old books, as a remedy founded upon the delivery of goods by the owner to another to keep, who afterwards refuses to re-deliver them to the bailor. And it is said, that to authorise the maintenance of the action, it is necessary that the defendant should have come lawfully into the possession of the chattel, either by delivery to him, or by finding it. Hence it was, that the wager of law was permitted, and grew out of the confidence reposed in the bailee—(Fitz.

N. P. 323; 3 Bla. Com. 152.) In fact, it was once understood to be the law, that *detinue* does not lie where the property had been tortiously taken; because, as it was said, the plaintiff's right of property was divested by the trespass—(Selw. N. P. *tit.* Detinue, where Bro. Ab. Detinue Pl. 52, is cited.) The reason assigned for this limitation upon the action of *detinue* as a remedy, is very unsatisfactory, and most clearly a *non-sequitur.* Neither our law, nor the English common law, will allow one man to wrest from another his property by force, or against his consent, so as to vest the title in the taker.

Upon principle, it must be very unimportant in what manner the defendant's possession commenced, since the gist of the action is the *wrongful detainer*, and not the original taking—(3 Black. Com. 152.) And such seems to be the law upon authority—(*Vide* Sir W. Jones, 173; 1 Chitty's Pl. 112.) It is incumbent upon the plaintiff to prove property in himself, and possession in the defendant—(2 Stark. Ev. 493; Burnley vs. Lambert, 1 Wash. R. 308; Burton vs. Brashear, 3 Marsh. R. 278; 1 Saund. on Pl. & Ev. 434, 435, 436.) In Johnston and wife vs. Pastern, (Cam. & Norwood's R. 464,) the Supreme court of North Carolina say, that at present, the action of *detinue* is applied to every case where the owner prefers recovering the specific property, to damages for its conversion, and no regard is had to the manner in which the defendant acquired the possession.

From the facts admitted by the pleadings, it appears that the defendant took possession of the plaintiff's property tortiously, and in a manner expressly forbidden by law. True, the defendant alleges that he subsequently

sold the horse, in virtue, and as a consequence, we suppose of the wrongful seizure. These facts, it is conceived, do not constitute a bar to the action—for if the levy was void, all proceedings *under it*, must be alike invalid, and could not divest title.

Again—The plea does not allege that the sale took place before action brought—so that we are relieved from the necessity of enquiring whether the defendant's possession at the commencement of the action, was necessary to entitle the plaintiff to recover ; as well as from considering whether the defendant's possession having begun in wrong, it was competent for him afterwards to have made a valid levy upon the property, without first restoring it to the plaintiff's possession.

Our conclusion from the case as presented, is, that the judgment must be reversed, and the case remanded,