JOSEPH DAWKINS, APPELLANT, v. LUKE W. SMITHWICK, APPELLEE.

In *assumpsit* upon a parol contract, the day upon which it is made being alleged only for form, the plaintiff is at liberty to prove that the contract, whether express or implied, was made at any other time.

When time enters into the contract and becomes material, it is traversable, and the plaintiff must prove it ; and when time is material, it makes no difference that it is alleged under a *videlicet.*

When the time laid in the declaration was the Sabbath, the Court will take judicial cognizance of the fact ; yet, if the time is immaterial and laid under a *videlicet,* the Court cannot judicially know that the contract declared on was actually made on that day.

In such a case the defendant, having failed to plead the fact and thus make the time material, cannot move in arrest of judgment.

Luke W. Smithwick brought an action on the case, in the Circuit Court for the County of Leon, against Joseph Dawkins, to recover damages for deceit practiced by defendant in an exchange of horses—the horse of defendant being represented to be sound when, in fact, he was diseased at the time, and continued so to be, so that he was of no value to plaintiff. The exchange was alleged to have taken place on the first day of July, 1849.

Plea not guilty, and verdict for the plaintiff at the Spring term, 1850.

The defendant then moved in arrest of judgment on the ground that the contract mentioned in the declaration was made on Sunday. The motion was overruled, and from the judgment of the Court thereon this appeal was brought.

*Maxwell*, for Appellant.

1. Whenever there is any defect appearing upon the face of the record, for which a writ of error would lie, and which has not been attacked by demurrer, the Court, upon motion, will arrest the judgment. If the declaration presents a case which would not entitle plaintiff to judgment, and the defendant fails to demur, advantage can be taken of the defect by motion in arrest. 2d Archbold, 247.

2. The Court will take judicial notice of the days of the week, so that having any date given, it will look to the Almanac, which is the law of the land, to see the day of the week, and will apply any law that may arise accordingly. 1st Chitty's Pleadings, 249, 218. See, also, Hoyle v. Cornwallis, 1st Strange, 387–9, which is precisely in point with this case on this question. Upon the principle there established, if the record only states the day of the month, and that day is found by reference to the Almanac to be *Sunday*, this is sufficient to authorize a Court to consider the fact that the day was Sunday an *intrinsic* part of the record. In the present case, the plaintiff bases his right to recover upon

a contract stated by the declaration itself to have been made on a day of the month which the Almanac shows was Sunday. The fact, therefore, under the authorities cited, is sufficiently apparent upon the record.

But it was contended below that the time being stated under a *videlicet*, the plaintiff, under the rules of pleading, cannot be held to it strictly, but may prove any other time, and, therefore, the defendant could not avail himself of his objection by motion in arrest, but should have pleaded it. The rule of pleading does not apply where time is *material*, or of the essence of the contract, for then the "real day must be truly stated." 1st Chitty's Pleadings, 287. 3rd Durnford & East, 531. 2d Cowper, 671. These authorities show that where an usurious contract is declared upon the day must be truly stated, and if proof of any other day is made, the variance is fatal. So here, if the law is, that such a contract is void by reason of the day on which it was made, the day forms the *gist* of the matter, and must be correctly stated. If the plaintiff had alleged a different day, then the defendant, to avail himself of his defence, might have pleaded the fact that the contract was made on Sunday, or else he might have proved that fact, and then urged the variance as fatal, because of the materiality of that day to the rights of the parties.

The Court not having given any opinion upon the other question presented by the counsel, viz: whether the contract, having been made on Sunday, is in violation of the statute of this State and, therefore, void, it is not necessary to state the argument on that point.

*Walker*, for Appellee :

The error assigned by appellant is that the Court refused to arrest the judgment.

The Court could not arrest the judgment, unless for some error patent in the record. Appellant points out as error

in the record the allegation in the declaration that "the said plaintiff heretofore, to wit, on the first day of July, in the year 1849," &c., exchanged horses, &c. Appellant says that the Court will judicially take notice that the first day of July, 1849, was Sunday. We admit the Court will take notice that the first of July, 1849, was Sunday, but deny that the Court will take notice that the contract stated in the declaration was made on the day laid therein, it being laid under a *videlicet.* Plaintiff is not concluded by that averment, but might have proved that the trade was made on another day. 1st Chitty's Pleadings, 318.

If defendant intended to rely upon the supposed fact that the contract was made on Sunday, he should have pleaded it specially. 1st Chitty's Pleadings, 517, note h.

SEMMES, *Justice,* delivered the opinion of the Court.

This was an action on the case commenced by the respondent against appellant, in Leon Circuit Court, on a contract of warranty, in the exchange of horses. To the declaration, the appellant filed his plea of the general issue, and at the March term of said Court, 1850, a verdict was found for respondent, assessing his damages at seventy-five dollars. Afterwards, at the same term, on the 3d of April, the attorney for appellant moved the Court in arrest of judgment, on the ground that the declaration seeks to recover on a contract which is void, by reason of having been made on the Sabbath. This motion was overruled by the Court below, and from its decision, this appeal is taken.

The rule of law, as laid down by appellant's counsel, in regard to motions in arrest of judgment, is fully recognized by this Court—that, whenever there is any defect appearing upon the face of the record, for which a writ of error would lie, and which has not been attacked by demurrer, the Court, upon motion, will arrest the judgment. 2d Archbold, 247.

21

If the contract declared on in this case was void under the statute, by reason of its having been made on the Sabbath, it is very evident the plaintiff in the Court below was not entitled to a judgment, if the fact was properly presented by the pleadings.

An important preliminary question is presented for the consideration of this Court, and which arises from the pleadings in the case. It is, whether the appellant, having failed to set up by special plea the defence relied on in his motion in arrest of judgment, is not concluded by the verdict of the jury? But it is insisted by counsel for appellant, that, by reason of matters intrinsic appearing on the face of the declaration, he was not driven to his special plea, but that his defence was available, either by general demurrer, or by motion in arrest of judgment. It is true that, if the declaration presents a case which would not entitle the plaintiff to judgment, by reason of substantial error appearing on its face, the motion in arrest should have been sustained.

That portion of the declaration which is important to the decision of the case is in the following words : " Luke W. Smithwick, plaintiff, by attorney, complains, &c., for that whereas the said plaintiff, heretofore, *to wit, on the first day of July, in the year one thousand eight hundred and forty-nine, at Leon County,*" *&c.*

It is said that the first day of July, as laid in the declaration, was the Sabbath, and that the Court will take judicial cognizance of the fact. This is true. 1st Chitty's Pleadings, 217. 1st Strange's Reports, 388. It does not, however, relieve the question from the difficulty, but involves another and an important inquiry, whether the time stated in the declaration was material to the issue? If so, it was competent for the defendant to move in arrest of judgment ; but if, on the contrary, the time was immaterial, the only mode of making the defence available was by special plea.

The time stated in the declaration is laid under a *videli-*

cet, but this cannot affect the question ; for if the time be material, it can be traversed, notwithstanding the *scilicet*. The general rule, as laid down by Sir William Blackstone, is doubtless the correct one. He says, the true distinction is, where the time when a fact happened is immaterial, and it may have happened on another day, if alleged under a *videlicet*, it is not traversable ; but when the precise time is the very point and gist of the action, then the time alleged under the *videlicet* is conclusive and traversable. 1st Blackstone's Reports, 495. 4th Johnson's Reports, 456, and see 2d Saunders, 291.

In personal actions, the pleadings must allege the time, including the day, month and year, when each traversable fact occurred. See Stephens' Pleadings. And although it be true, that the time at which each material fact stated in the declaration took place, must be alleged, yet, as a general rule, the plaintiff is not bound to prove the time as stated, nor is it essential that the time as stated accord with the truth. Archbold's Pleadings, 115.

The same rule of law which governs the *venue*, applies, also, to the stating of time—it extends to traversable facts only. In the case of the *venue* in transitory matters, the place is not material to the issue, and one may be alleged, and another proved. See Stephens' Pleadings.

In illustration of the foregoing general principles, it has been held, that in *assumpsit* upon a contract, the day upon which it is made being alleged *only for form*, the plaintiff is at liberty to prove that the contract, (parol,) whether it be express or implied, was made at any other time. 2d Strange's Reports, 806. 2d Salkeld, 561 ; and it is no objection that the day of the promise, as laid under a *videlicet*, brings it within the statute of limitations. 1st Chitty's Pleadings, 257.

The statement, therefore, of the real and precise time is not necessary, or if stated, the party is not concluded by it,

unless it constitutes a material part of the contract declared upon, or unless a written instrument is professed to be described.    4th Term Reports, 590.

In all actions on promissory notes, bills of exchange, &c., the date, being a material part of the contract, must be stated, so as to conform to the contract itself—the slightest variance will be fatal. 1st Chitty's Pleadings, 115. But the day laid in a declaration on a parol contract is not material upon evidence.    Ibid, note 66.    In the case of an usurious contract, where time is the very gist of the matter, the real day must be stated and proved; (Stephens' Pleadings ; and so it may be said in every case where the precise date of any fact is necessary to ascertain and determine with precision the cause of action.

In the case before the Court, time did not enter into the contract—it was no part of it.    The plaintiff in the Court below was not concluded by the time stated in the declaration—it was competent for him to have proved the contract to have been made on any other day than that alleged.

If the time did enter into the contract and, consequently, was material, then it was traversable by the defendant ; but in this case, the time could not be traversed, because the plaintiff was not bound to prove it as laid.

The case relied on by appellant's counsel, in 1st Strange's Reports, 388, is not inconsistent with the opinion of this Court.    In that case, the question before the Court arose upon a writ of inquiry, which appeared to have been executed on the 15th day of June, which was Sunday—the Court determined that it would take notice of the day, without its being specially assigned for error, and that the execution of the writ being on Sunday was void by statute. 29th Car., 2, 5, 7. But in that case, the time was material—it was not controverted, it could not be controverted—it was a part of the record, and a material part in the execution of the writ—the Court was bound by it, and could not,

in its judgment, look beyond it. The only principle deter-mined was, that the Court would take judicial cognizance that the day on which the writ was in fact executed was Sunday. In this case, the first day of July, it is conceded, was the Sabbath; yet this Court cannot judicially know that the contract declared on was made on that day, though aver-red in the declaration, for the time as laid may be alto-gether different from the time as proved.

The Court is, therefore, of opinion that the judgment of the Circuit Court, overruling the motion in arrest of judg-ment, was correct.

Judgment below affirmed.