SUPREME COURT.

JOHN WEEKS and others agt. ALFRED NOXON.

Service of a summons, with or without an order of arrest, on an *election day,* and all proceedings under it, are-*void.* (*See Sess. Laws* 1842, *p.* 109.)

*New-York Special Term, January,* 1855.

H. D. TOWNSEND, *for plaintiffs.*

J. O. MOTT, *for defendant.*

CLERKE, Justice. With regard to the service of civil process on election day, until 1842 the words of the statute were, that "no civil process shall be served, &c., on either of the days during which such election shall be held;" but in 1842, (*Laws of* 1842, *p.* 109,) it was amended so as to read *"no declaration by which a suit shall be commenced,* or any civil process, *or proceeding in the nature of civil process,* shall be served," &c.

The case of *Wheeler* agt. *Bartlett,* (1 *Ed. Ch. R.*) to which the counsel for the plaintiff refers, was decided many years before the amendment. In that case the vice-chancellor says, "that the section (as it then stood) has reference to process which causes duress." I doubt whether that section admitted of so limited an interpretation. In using so comprehensive a

term as " process," it may be well supposed that the legisla-
ture wished to⁰ provide, not only against arrest, or duress, but
against any molestation that might interfere with the elector in
performing the high and sacred duty which the elective fran-
chise imposes.    However this may be, the amendment of 1842
sets the question at rest.

Commencing a suit by declaration caused no duress, and was
equivalent to the present mode of commencing an action by
summons, when there is no order of arrest.

The present case comes within the meaning of the amended
section ; and, as the summons was served on an elector, on a
day when an election was held, the process, and all the pro-
ceedings under it, were void.

It is unnecessary to consider the other question.

Judgment and subsequent proceedings set aside, with $10
costs of motion.