## BIERCE *a.* SMITH.

*Supreme Court, First District; Special Term, January,* 1856.

### SERVICE OF SUMMONS.—ELECTION DAY.

A judgment by default, based upon service of summons upon an elector on election day, is irregular.[*]

Service of a general notice of appearance, accompanying a notice of motion to set aside such judgment, is not a waiver of the irregularity.

Motion to set aside judgment for irregularity.

---

[*] Compare Meeks *a.* Noxon. (1 *Ante,* 280.)

The defendant, a resident and elector of Stephentown, in Rensselaer county, was served with the summons and complaint in this action, by the sheriff of the county, on November 6, 1854, the day of the general election. Upon the basis of that judgment plaintiff entered judgment by default; which the defendant now moved to set aside.

The motion papers were accompanied by a notice of appearance.

*S. D. Van Schaick*, for the motion, cited *Laws of* 1842, 109, *ch.* 130.

*C. L. Monell*, opposed.—I. Although the service was prohibited, it was the fault of the sheriff, as an officer of the court, that it was made. And as defendant has not been prejudiced, the judgment ought not to be set aside. (2 *Rev. Stats.*, 3 *ed.*, 520, § 7, *subd.* 14).

II. The notice of appearance which accompanies the motion papers, waives the irregularity.

III. The defendant should have applied sooner.

*Van Schaick*, in reply.—I. The case does not come within the provisions of the statute of amendments (2 *Rev. Stats.*, 3 *ed.*, 520, § 7, *subd.* 14) any more than does service of process on Sunday, which is prohibited by a statute of the same phraseology. A prohibited act is not a "default," or "negligence," within the meaning of the statute of amendments. The service is absolutely void; and the defendant now invokes relief only because the judgment is an apparent lien on his real estate. He might safely disregard the plaintiff's proceedings.

II. The notice of appearance, being served after the time for appearance expired, and after judgment, is a nullity. At all events it operates only as an appearance for the purposes of the motion.

III. There has been no laches. If there had been, the rule relied on applies only to voidable irregularities, not to void acts.

WHITING, J.—This is a motion to set aside judgment for irregularity. The summons for the commencement of the suit

was served on the defendant, a resident and an elector of Stephentown, Rensselaer county, on the day of the last general election. Such service is forbidden by the statute. (*Laws of* 1842, 109, *ch.* 130).

It is said, however, that the irregularity was waived by the service of notice of appearance. That was served after judgment, and with the papers on which this motion was made. Such an appearance does not waive the irregularity, and must be treated as a notice only for the purpose of this motion.

Motion granted, with ten dollars costs.