## SWINNEY VS. JOHNSON.

A writ or process in a civil suit does not, of itself, authorize the officer to execute it on Sunday, or on the 4th of July; and if executed on either of those days, the return of the officer must show that the affidavit required by the statute (*Dig. ch.* 173, *sec.* 5, 6, 7,) was made and delivered to him; otherwise, his return shows no authority for the execution of any process upon the defendant.

*Error to the Circuit Court of Yell county.*

The Hon. JOHN J. CLENDENIN, Circuit Judge, presiding.

JORDAN for the plaintiff.

Mr. Justice SCOTT delivered the opinion of the Court.

This was an action of trespass, *vi et armis*, against three persons, upon two of whom the writ of summons was regularly served; and as to the third, who is the plaintiff in error, the sheriff returned—" I executed the within at the county of Scott, *on the 4th day of July*, 1855, by delivering to the within named James M. Swinney a copy of the within." The two appeared to the action and filed pleas to the merits, whereupon the plaintiff below entered a *nol. pros.* as to them, and took judgment by default as to the plaintiff in error, who failed to appear—upon this, damages were assessed by the verdict of a jury, and final judgment rendered accordingly. Swinney, in the mean time, at the same term, moving the Court to arrest and set aside, and hold for nought the judgment aforesaid. 1st. Because he had never been served with process. 2d. Because the notice of the pendency of the action was served upon him on the 4th day of July, 1855, without any affidavit stating that he was about to leave the county, having been first made and delivered to the

officer charged with the execution of the writ of summons, by the plaintiff or any other person for him: which motion the Court overruled, and Swinney brought error.

It is enacted by the statute (*ch.* 173, *sec's* 5, 6, 7, *Dig. p.* 1004,) that: "no person shall, on Sunday, or on the 4th day of 'July, serve or execute any writ of process, warrant or order, except in criminal cases, for breach of the peace, or when the defendant is about to leave the county." That "the service of every writ, process, warrant, or order, on said days, shall be void, and the person serving or executing the same shall be liable to the suit of the party aggrieved as if he had done the same without any writ, process, warrant or order."

And "that if the plaintiff in any writ, process, warrant or order in any civil suit, or some other person for him, shall make and deliver to the officer charged with the execution of such writ, process, warrant or order, an affidavit that such defendant is about to leave the county, such officer may serve and execute every such writ, process, warrant, or order, on Sunday, or on the 4th day of July."

By the inevitable operation of these several provisions of our statute, the writ in itself, in this case, conferred no authority upon the sheriff to execute it on the 4th day of July, as he seems to have attempted to do. For him to have had such authority, it was needful that he should have not only had the writ; but also, in connection therewith, the affidavit prescribed by the statute.

His return shows no such affidavit, either by any reference to it, or by making it, otherwise, a part of the return of his official doings. His authority, then, for executing the process on the 4th day of July in no way appears. If his authority had appeared, the law would have indulged the ordinary presumption in favor of his official doings. As it is, there is no foundation upon which to base any such presumption.

Our statute, in the several provisions above cited, not only prohibits the service without the pre-requisite of the affidavit, but declares that any such attempted service shall be void, and the officer liable *civiliter*, as if he had no process at all in his

hands. The design was to give the citizen absolute immunity from disquietude, both on the christian, and upon the political sabbath, from the execution of civil process upon him, unless in the expressly excepted case. And to this end the statute withholds authority from the officer under the process, until the affidavit shall have been first made and delivered to him in connection with it. In such case, although the writ is the form, the affidavit in connection therewith is, in effect, the substance and life of the authority to be exerted through the instrumentality of the act.

In an ordinary case, the writ shows the authority of the officer, and his return " how, and in what manner, he executed the same," (*Dig. p.* 799 *sec.* 21, *ch* 126,) but in such a case as this, under the operation of our statute, the return must go further and be in aid of the writ, or no authority to execute the process upon these prohibited days will appear in the record.

Upon the face of this record, under the operation of the statute, there was no service upon the plaintiff in error. The judgment against him by default was, therefore erroneous, and the Court below, upon his motion, ought to have arrested and held it for nought.

For this error the judgment will be reversed, and the cause remanded, and the plaintiff in error held to answer to the declaration of the plaintiff below, as if he had been regularly served with process of summons, under the established rule in such cases.