Bishop v. Carter.

BISHOP v. CARTER, Sheriff, *et al.*

1. **Practice:** INJUNCTION. The objection that a motion to dissolve an injunction was informal, comes too late when made, for the first time, after appeal.

2. **Sunday:** RENDITION OF JUDGMENT ON. To avoid a judgment regular on its face, on the ground that it was rendered after midnight on Saturday, the evidence should establish beyond the doubt naturally arising from the difficulty of determining the precise time of a particular transaction. that it was thus rendered.

*Appeal from an order at Chambers of Hon. H. Tanne-hill, Judge Second Judicial District.*

### FRIDAY, JULY 22.

McArthur recovered a judgment against plaintiff, in the district court of Union county, upon which an execution was issued and placed in the hands of the sheriff of that county. The plaintiff herein (defendant in that judgment), made application to the judge of the second judicial district for an injunction to restrain the sheriff (who, with McArthur, was made a party to the proceeding), from enforcing the execution, and asking that the judgment be declared void on the ground that it was rendered on Sunday. The injunction was allowed. Afterward, the defendants made application to the judge who granted the injunction, to vacate it. The motion was based upon a sworn answer and certain affidavits in support thereof. Upon the hearing of this motion at chambers the injunction was dissolved. From this order plaintiff appeals.

*Gregory & Rowell* for the appellant.

*Hendershott & Burton* for the appellees.

BECK, J.—The objections first made by the appellant are upon the grounds that the motion was addressed to
1. PRACTICE: the district court, and not to the judge, and
injunction. does not sufficiently state the reasons upon which it is based. These objections were not made at the hearing before the judge. The plaintiff appeared before him, had the hearing continued, and presented affidavits in support of his petition. The objections are too late to be considered in this count. If the motion was sufficient, in the opinion of appellant, to require him

Bishop v. Carter.

to answer thereto before the judge without objection, which, if well founded, could have been removed by amendment, it cannot be assailed in this court.

It is insisted that the order of the judge dissolving the injunction is not supported by the weight of evidence 2. SUNDAY: ren- presented by the affidavits, and is, therefore, dition of judg- ment on. erroneous. The point of fact submitted to the judge, whose order is appealed from, was whether the judgment was rendered before or after midnight of Saturday.

The record of the judgment which plaintiff in his petition asks to be declared void because it was rendered on Sunday, shows that it was not rendered on that day ; the answer to the petition denies its averments ; the judge before whom the cause was tried expresses the belief, founded upon satisfactory reasons, that the judgment was rendered before midnight, and several jurors and others express a like opinion. On the other side, many witnesses unite in fixing the time of the rendition of the judgment after midnight. There is great diversity of opinion as to the time, and it is rarely otherwise when a few minutes only are in dispute. This difference may result from want of agreement of time-pieces and the absolute impossibility, under ordinary circumstances, of determining the precise time of an occurrence. We think the decision of the judge dissolving the injunction is supported by the evidence before him. In order to avoid, for the cause alleged by plaintiff, a judgment solemnly entered, and supported, too, by the affidavit of the judge entering it, more satisfactory evidence than we have before us is required. The objection ought to be clearly established without a doubt arising from the difficulty, in fact impossibility, of determining the precise minute of a particular transaction. The presumptions of law are all in support of the judgment ; conflicting evidence of facts, which our

experience teaches us cannot often be accurately deter-
mined, ought not to overcome these presumptions

Affirmed.