## SUPREME COURT.

THE CENTRAL BANK OF WESTCHESTER COUNTY agt. JAMES M. ALDEN, JAMES T. ROGERS and another.

By the Code (§ 412) *service of notice of trial by mail* may be made sixteen days before the day of trial, including the day of service : and such service is good, although the last (16th) day falls on *Sunday* before Monday for which the cause is noticed. Therefore service made by mail, on the 4th of the month, for trial on Monday the 20th, is good.

*It seems* that the second subdivision of section 407 of the Code, providing for the computation of time, that " if the last day be Sunday it shall be excluded," does not apply to notice of trial by jury.

*Westchester Special Term, April.* 1871.

MOTION by defendants to set aside judgment and inquest taken against them by the plaintiffs, for irregularity.

WILLIAM H. SECOR, *for the motion.*

This is a motion made to set aside and vacate a judgment in this action, taken by default by the plaintiff herein, upon the ground that the judgment is irregular and void, for want of the necessary number of days " notice of trial" when served by mail. The time within which to do an act, to serve the same, when so served, requiring, under the Code of Procedure, sixteen days notice of the trial, before the day of trial mentioned in said notice, and excluding the day of trial.

The said notice was dated the 4th day of March, 1871 (Saturday), and according to the showing of the plaintiff's attorney mailed and so served on that day.

That said notice also contains the information and notice

Central Bank of Westchester Co. agt. Alden.

that the trial would be had on the third Monday inst. (20th) in said county.

Therefore making the 19th of March (Sunday) his last day in computing sixteen days of time, fall upon and include Sunday as his last day in said computation of time by the plaintiff's attorney, was *dies non.*

I. It is unnecessary to urge in this connection, or offer authorities thereon, that the act of the notice of trial, when an appearance has been given, an affidavit of merits been filed, and an answer (denying the complaint) is served, that the notice of trial, unless waived by a trial, is a substantial right, which the moving party is required to serve upon the opposing party within a determined time, fixed by law, when said party desires to bring the cause to trial; or, like as in this instance, the defendant should have been served, the "notice of trial" and the sixteen days to be embraced as time, when served by mail, as prescribed in section 407, for ascertaining days and computing the same, and section 412, for making the service and the manner of making such service, and ascertaining therein the day to commence the computation of time.

In support of the same. ( *Wolf* agt. *Horton*, 3 *Caine* 86 ; *Campbell* agt. *International Life Ass. Co.*, 4 *Bosw.*, 298-310, *General Term, N. Y. Superior Court.*)

II. Section 407, Code of Procedure, time how computed. Subdivision 1. The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last.

Subdivision 2. If the last day be Sunday, it shall be excluded.

Section 412. When the service is by mail, it shall be double the time required in cases of personal service, except service of notice of trial, which may be made sixteen days before the day of trial, including the day of service.

You here include the first day and include the last, if not Sunday, in computing sixteen days before trial.

III. The plaintiff's attorney, by his own showing, served the "notice of trial" by mail, on the 4th day of March, 1871, the notice itself bearing the same date on its face, thereby electing to commence his service on that day, thereby computing the 4th day of March as his first day, and the 19th day of March (Sunday) as his sixteenth and last day, therefore, giving the defendants but fifteen days' notice before the day of trial, the 20th day of March, so designated by the plaintiff's attorney, in his said notice of trial. The 19th day of March was Sunday, and excluded under § 407, and the day of trial cannot be computed under § 412 of the Code, as that section precludes it, therefore, this defendant had but fifteen days' notice of trial, before the day of trial.

The distinction and difference between a notice of trial served by mail is, that you include the day of service, to wit, when placed in the post-office, and exclude the last day before the day of trial "only," when it is Sunday, when it is elected, to serve sixteen day's notice of trial by mail. Therefore, had the plaintiff's attorney so served and dated his notice of trial on the 3d day of March, there would have been sixteen days' service of notice of trial—herein.

Evidently the plaintiff's attorney computed dates of days, and not the days of dates, in his calculations.

.. Having so elected to proceed, such proceeding was irregular and insufficient on its face, and the inquest taken, and the judgment entered therein on the 21st day of March, 1871, is void and illegal. (*Jenks* agt. *Payne,* 15 *Johns.,* 398; *Gillilan* agt. *Morrell,* 1 *Caine,* 156; *Wolf* agt. *Horton,* 3 *Caine,* 86; *Campbell* agt. *The International Life Ass. Co. of London,* 4 *Bosw.,* 298, *General Term, N. Y. Superior Court.*)

Judge HOFFMAN says, in delivering the opinion of the court, in the last case, that § 407 of the Code of Procedure

furnishes a definite rule for all cases within the provisions of the Code of Procedure, for the days to be computed, and to be used in the noticing of time, and says, if Sunday is the last day, it shall be excluded.

IV. That immediately upon the receipt of the said notice of trial, and upon the same day, the attorney for this defendant (Alden,) returned the said notice of trial to the plaintiff's attorney, with sufficient reasons for the return of said notice of trial, properly indorsed thereon.

And on the 22d day of March, (the day when service was made on defendant's attorney, at his office, New York city, of the notice of the entry of judgment, and the notice that the costs had been taxed, and the notice of the re-adjusting of the same for the 27th day of March, 1871, at 9 o'clock in morning of that day, at White Plains,) defendant's attorney returned the same day as received, to the plaintiff's attorney, the said notice of entry of judgment, taxation, and the re-adjustment of costs with sufficient reasons for the return thereof properly indorsed thereon, thus showing and exhibiting his good faith, and not misleading the plaintiff's attorney. (*Fassett* agt. *Dorr*, 11 *Wend.*, 178; *N. Y. Central Ins. Co.* agt. *Kelsey*, 13 *How.*, 535; *Elliott* agt. *Kennedy*, 26 *How.*, 424) The papers were not returned in this last case, thereby showing want of good faith, &c.

V. Therefore this motion should be granted in that the judgment taken herein, be set aside and vacated with costs, and an order entered to that effect.

ODLE CLOSE, *opposed.*

GILBERT, J.—The plaintiff served the notice of trial in this action by mail, and dated and mailed said notice on Saturday, the 4th of March, for "sixteen days'" notice of trial, the case being noticed for Monday, March 20. Defendants' attorney returned notice of trial for irregularity,

claiming " fifteen days only " being given, as Sunday, the 19th, could not be included in the sixteen days, according to section 407 and section 412 of the Code. Plaintiffs took an inquest. This motion was made to set aside the judgment as irregular and void—no sufficient "notice of trial" having been served. Sunday, the 19th, should be included in computing the sixteen days, and the motion is denied accordingly.