JUDGE PRYOR
delivered the opinion oe the court.
The 4th day of July being recognized as a national holiday (Myers’s Supplement, p. 260), it was erroneous to render a judgment upon the service of a summons executed on that day, unless the case is within some of the exceptions enumerated by sections 733, 734, and 735 of the Civil Code on this subject. Section 735 provides that a summons, subpcena, notice, order of arrest, or injunction may be executed on a holiday, where the officer having the process believes, or an affidavit of the plaintiff or some other person is made to the effect that the affiant believes, that the process can not be executed after such holiday.
*318 Upon the motion to quash the return made by the sheriff on the summons in the present ease the only evidence was that the action was instituted, the summons issued and served on this holiday. The burden of proof then rested upon the party plaintiff in the action to show the necessity for its service on that day, as provided by the section of the Code referred to, in order to entitle him to his judgment. This the appellees failed to do, and no judgment should have been rendered.
The'judgment of the court below is therefore reversed, and the cause remanded for further proceedings consistent with this opinion.