CAREY RIGNEY *v.* JOHN WHITE *et al.*

In view of the statute prohibiting servile labor on Sundays, a contract to pay demurrage will, in the absence of any proof to the contrary, be deemed to intend to mean demurrage for working days, and to exclude Sundays.

APPEAL by plaintiff from a judgment of the First District Court.

The action was brought to recover the freight and demurrage on a cargo of coal, shipped by the defendants, the freight being stated in the bill of lading to be "forty cents per ton, and $4 per day after six lay days."

On the trial it was admitted that the cargo had been duly delivered, and that part of the freight and demurrage were still due, and that from the commencement of the demurrage days to the receipt of the cargo there were six Sundays. For these Sundays plaintiff claimed demurrage should be paid. This claim defendants disputed, and were sustained by the justice, who gave judgment for the plaintiff for the freight and demurrage claimed, less $24, the demurrage for the six Sundays.

*E. H. Hobbs*, for appellant.

*Goodrich & Wheeler*, for respondents.

BY THE COURT.*—LARREMORE, J.—By the bill of lading, the freight of the coal was fixed at forty-five cents per ton, and $4 per day after six lay days. The only question raised by this appeal is, whether the plaintiff was entitled to demurrage for the six intervening Sundays included in the demurrage days.

The nature of the contract must be considered in interpreting its provisions, as well as the statute with reference to which it is presumed to have been made. The laws of this State prohibit any servile laboring or working on the first day of the week, unless in certain excepted cases (2 R. S. p. 936, § 66).

---

* Present, DALY, Ch. J., LARREMORE, and J. F. DALY, JJ.

There can be no doubt that the discharging of the cargo from plaintiff's boat was servile laboring and working, within the meaning of the statute. As such, it could not rightfully be performed on the days for which demurrage is claimed, but should be excluded (*Cochran* v. *Retberg*, 3 Espinasse, 121; *Cargo of the Mary E. Taber*, 1 Benedict, 106).

In view of the statute, *and in the absence of any proof to the contrary*, I think the days for which demurrage was intended to be charged were working days, and that Sundays were properly excluded. The judgment should be affirmed.

Judgment affirmed.