Robertha S. Kinney et al.

*v.*

Emery and Stewart.

The fact that a subpœna *ad respondendum* is returnable on a legal holiday is not ground for setting it aside.

Motion to quash subpœna *ad respondendum*

Kinney v. Emery.

*Mr. H. A. Fluck* and *Mr. J. A. Bullock*, for the motion.

*Mr. W. A. Cotter*, contra.

THE CHANCELLOR.

The subpœna to answer was made returnable on the 30th of May, which is one of the legal holidays on which it is provided

NOTE.—Courts will notice, judicially, Christmas and other holidays, *Brough* v. *Parkings*, Ld. Raym. *993; Sasscer* v. *Farmers Bank, 4 Md. 409; Ellis* v. *Reddin, 12 Kan. 306; Rice* v. *Mead, 22 How. Pr. 445; State* v. *Minnick, 15 Iowa 123; Hanson* v. *Spackelton, 4 Dowl. 48;* see *Swindle* v. *Poore, 59 Ga. 336; Chrisman* v. *Tuttle, 59 Ind. 155.*

Ministerial and even judicial proceedings which would be invalid on Sunday may be lawfully done on a holiday. At common law the issuing of process on Sunday was not illegal, *Clough* v. *Shepherd, 31 N. H. 490; Johnson* v. *Day, 17 Pick. 106;* nor in the ecclesiastical courts, *Alancon* v. *Brookbank, Carth. 504;* and process may not be tested on Sunday, *Helm* v. *Rodgers, 5 Humph. 105; Haines* v. *McCormick, 5 Ark. 663; Van Vechten* v. *Paddock, 12 Johns. 178;* see *Hibernia Bank* v. *O'Grady, 47 Cal. 579; Langabier* v. *Fairbury R. R., 64 Ill. 243;* nor notices, *Sloan* v. *Williford, 3 Ired. 307;* see *Taylor* v. *Thomas, 1 Gr. Ch. 106; Haynes* v. *Sledge, 2 Porter 530; Carlisle Bank* v. *Rheem, 10 Phila. 462, 76 Pa. St. 132;* nor orders, *Coleman* v. *Henderson, Litt. Sel. Cas. 171;* but a writ of error will not be quashed because issued on Christmas, *Starke* v. *Marshall, 3 Ala. 44;* see *Dean* v. *Jackson, 5 Low. Can. 164; State* v. *California Co., 13 Nev. 203;* nor a justice's summons, because issued on Washington's birthday, *Smith* v. *Ihling, 47 Mich. 614.*

An officer is not obliged to receive process tendered on Sunday, *Fentress* v. *Brown, Phil. (N. C.) 375; Whitney* v. *Butterfield, 13 Cal. 335;* see *Samuel* v. *Buller, 1 Exch. 439;* nor instructions as to executing it, *Stern's Appeal, 64 Pa. St. 447.*

Ordinary writs or notices cannot be served on Sunday, *McIleham* v. *Smith, 8 T. R. 86; Hughes* v. *Budd, 4 Jur. 150; Shaw* v. *Dodge, 5 N. H. 462; Anderson* v. *Birce, 3 Mich. 280; Field* v. *Park, 20 Johns. 140; Chesapeake & O. Co.* v. *Bradley, 4 Cranch C. C. 193; Cavendish* v. *Wethersfield Co., 2 Vt. 531; Rob* v. *Moffatt, 3 Johns. 257; Mackreth* v. *Nicholson, 19 Ves. 367; Reg.* v. *Middlesex, 11 Jur. 434;* see *O'Leary* v. *Cavanagh, Hay. & Jon. 373; Baxley* v. *Bennett, 33 Ga. 146; Stapleton* v. *Reynolds, 5 Am. Law Rec. 242; Deblieux* v. *Bullard, 1 Rob. (La.) 66;* nor published, *Chicago* v. *Vulcan Iron Works, 93 Ill. 222; People* v. *McCain, 51 Cal. 360; Scammon* v. *Chicago, 40 Ill. 146; Case* v. *Fowler, 65 Ind. 29; Excelsior Ins. Co. Case, 16 Abb. Pr. 8; Shaw* v. *Williams, 16 Cent. L. J. 375,* and note; *Kellogg* v. *Carrico, 47 Mo. 157;* see *McVerry* v. *Boyd, 57 Cal. 406;* a notice to quit may be served on Sunday, *Sangster* v. *Noy, 16 L. T. (N. S.) 157;* can a *capias* returnable on Sunday be executed on Saturday? see *Loveridge* v. *Plaistow, 2 H. Bl. 29; Case* v. *Fowler, 65 Ind. 29;* and

Kinney v. Emery.

by law, "no court shall be held except in the cases where," at the passage of the act, "it would sit on the first day of the week." *Rev. p. 481.* The defendants now move to quash the writ on the ground that it was returnable on that day. No action of any kind is required of a defendant in a subpœna on the return-day of the writ. He is not required to appear or enter an appearance then. On the contrary, he is informed by the note at the bottom

Sunday is not a holiday whereon, in an emergency, process may be served, *Moore* v. *Hagan, 2 Duv. 437;* see *Swinney* v. *Johnson, 13 Ark. 534; Phillips* v. *Innes, 4 Cl. & Fin. 246.*

Delivery of process by post on Sunday is not service, *Reg.* v. *Leominster, 2 B. & S. 391;* see *Central Bank* v. *Alden, 41 How. Pr. 102.* Process cannot be served on Thanksgiving, *Gladwin* v. *Lewis, 6 Conn. 49;* it may be served on the Fourth of July, *Horn* v. *Perry, 11 W. Va. 694;* or a deposition be taken, *Rogers* v. *Brooks, 30 Ark. 612;* and a notice to a sheriff for failing to return an execution may be served on election day, *Stephens* v. *Hume, 1 Litt. 6;* or a judicial sale held, *King* v. *Platt, 37 N. Y. 155;* and a subpœna and injunction served, *Wheeler* v. *Bartlett, 1 Edw. Ch. 323;* see *Meeks* v. *Noxon, 1 Abb. Pr. 280; Bierce* v. *Smith, 2 Abb. Pr. 411;* an attachment may be served on Christmas, *Irish* v. *Wright, 8 Rob. (La.) 428.*

An execution cannot be levied on Sunday, *Peirce* v. *Hill, 9 Porter 151; Bland* v. *Whitfield, 1 Jones 122; Fox* v. *Abel, 2 Conn. 541;* see *Percival* v. *Stump, 9 Exch. 167;* nor an inquiry executed, *Hoyle* v. *Cornwallis, 1 Stra. 387; Butler* v. *Kelsey, 15 Johns. 177;* nor a sequestration, *Foy* v. *Harper, 3 La. An. 275;* nor a distress, *Mayfield* v. *White, 1 Browne (Pa.) 241;* nor an attachment for contempt, *Cecil* v. *Nottingham, 12 Mod. 348.* See *Walsh* v. *Jordan, Sm. & Bat. 433.*

A writ cannot be returnable or returned on Sunday, *Swan* v. *Broome, 3 Burr. 1595; Prime* v. *Mason, 11 Mod. 120; Peck* v. *Carell, 16 Mich. 9; Gould* v. *Spencer, 5 Paige 541; Arctic Fire Ins. Co.* v. *Hicks, 7 Abb. Pr. 204; Harvey* v. *Brood, 6 Mod. 148;* but is amendable, *Boyd* v. *Vanderkemp, 1 Barb. Ch. 273;* nor will a false return on Monday avail, *Smith* v. *Noe, 30 Ind. 117;* nor can objections be made to an assessment taken on Saturday under a notice to be heard on Sunday, *Louden* v. *East Saginaw, 41 Mich. 18; Burton* v. *Chicago, 53 Ill. 87; Case* v. *Fowler, 65 Ind. 29;* nor a foreclosure sale be held, *Sayles* v. *Smith, 12 Wend. 57;* a sale falling on Thanksgiving, which was designated after the sale had been advertised, may be adjourned on Thanksgiving to a subsequent day, *White* v. *Zust, 1 Stew. Eq. 107;* an administrator's account cannot be settled, *McRee* v. *McRee, 34 Ala. 165;* a poor debtor cannot be discharged on Fast Day, *Estes* v. *Mitchell, 14 Allen 156;* but costs may be taxed in a British province on Good Friday, *Gillmore* v. *Gilbert, 2 Allen (N. B.) 50.*

Sunday laid under a *videlicet* in pleading, although judicially noticed, is not material unless exception be taken, *Dawkins* v. *Smithwick, 4 Fla. 158;* see *Hoyle* v. *Cornwallis, 1 Stra. 387;* so if by error a creditor's bill allege that his

of the writ that nothing is required of him at that time. By the act respecting the court of chancery it is provided that to every subpœna *ad respondendum* a notice shall be added that the defendant is not required to appear at Trenton in person, at the return-day, but if he intend to make a defence it is only necessary for him to answer, plead or demur to the bill within the time required by law. *Rev. p. 105 § 8.* This direction is exactly

judgment was recovered on Sunday, it may be amended, *Ayres* v. *Valentine, 2 Edw. Ch. 451;* and so may an incorrect copy of a summons that is tested on Sunday, *Corrall* v. *Foulkes, 5 D. & L. 590;* or a misentry in a justice's judgment, *York* v. *Ackerman, Pen. *900;* and in an action on a note dated on Sunday, it is competent to allege and prove that it was in fact executed and delivered on a different day, *Aldridge* v. *Bank, 17 Ala. 45; Finney* v. *Callendar, 8 Minn. 41; Kepner* v. *Keefer, 6 Watts 231; Ray* v. *Catlett, 12 B. Mon. 536.* A pleading may be filed on the following day if the last day for filing it falls on a holiday, as Christmas, *Feuchtwanger* v. *McCool, 2 Stew. Eq. 151;* or New Years, *Catherwood* v. *Shepard, 30 La. Ann. 677;* see *Siegbert* v. *Stiles, 39 Wis. 533;* or the last day for obtaining an appeal, *Garland* y. *Holmes, 12 Rob. (La.) 421;* see *Cooney* v. *Burt, 123 Mass. 579; Goswiler's Estate, 2 P. & W. (Pa.) 200; Buckstaff* v. *Hanville, 14 Wis. 77; Russell* v. *Pickering, 17 Ill. 31; Dodge's Case, 7 Cow. 147; People* v. *Luther, 1 Wend. 42.*

The time for pleading expired on May 25th; the queen's birthday fell on the 24th (which was Sunday), and was kept on the 25th, and all the offices were closed. A judgment signed on the 26th on the opening of the offices, was held good, *Wilkinson* v. *Britton, 1 Scott N. R. 348, 1 Mann. & Gr. 557;* see *Asmole* v. *Goodwin, 2 Salk. 624; Wheeler* v. *Green, 7 Dowl. 194; Catherwood* v. *Shepard, 30 La. Ann. 677;* a warrant of arrest in a *civil* case cannot be issued and served on Sunday, *Moore* v. *Hogan, 2 Duv. 437.* Bail above may be put in on the Feast of the Purification, *Baddely* v. *Adams, 5 T. R. 170;* see *Broome* v. *Wellington, 1 Sandf. 664;* and if a rule to plead expires on that day, the defendant is bound to plead on or before that day, *Mesure* v. *Britten, 2 H. Bl. 616;* see *Cock* v. *Bunn, 6 Johns. 326;* but a judgment for want of a plea cannot be signed, *Harrison* v. *Smith, 9 B. & C. 243;* nor on Washington's Birthday, *Hemmens* v. *Bentley, 32 Mich. 89.*

An adjournment to take depositions the next day cannot be made on Sunday, *Kirkpatrick* v. *Balt. & O. R. R., 3 Cent. L. J. 792;* but it seems the examination would have stood over without an adjournment, *Cheeseborough* v. *Van Ness, 12 Ga. 380;* see *Speidell* v. *Fash, 1 Cow. 234;* depositions taken on a holiday, against objection, are invalid, *Wilson* v. *Bayley, 13 Vr. 134.*

Whether an affidavit, which appears by the jurat to have been sworn in court on Sunday, is void, *Williamson* v. *Roe, 3 D. & L. 328.*

Thanksgiving is not to be excluded from the forty-eight hours within which a defendant must make his challenges, after having been served with the panel of jurors, *State* v. *Green, 66 Mo. 631.* See *Franklin* v. *Holden, 7 R. I. 215.*

Kinney v. Emery.

in accordance with the practice as it existed when the act was passed. Of course if the defendant does not intend to make defence, the fact that the return-day of the subpœna is a legal holiday, on which the court cannot sit, cannot be of the slightest importance or concern to him. And if he does, the fact can do him no wrong in any way. To hold the writ in this case valid is not violative even of the terms of the act. The act provides

A clerk may file the transcript of a judgment on Christmas, and the creditor's lien acquired thereby is valid, *Worthington's Case*, 7 *Biss. 455*, reversing *S. C.*, *3 Cent. L. J. 526*; but a cause cannot be tried and judgment rendered on February 22d, *Lampe* v. *Manning*, 38 *Wis. 673*; see *Perkins* v. *Jones*, 28 *Wis. 243*; although a criminal was, against his protest, tried on New Years, *Dunlap* v. *State*, 9 *Tex. Ct. App. 179*; *Pender* v. *State*, 12 *Tex. Ct. App. 496*; see *State* v. *McGimsey*, 80 *N. C. 377*; *Society* v. *Commonwealth*, 52 *Pa. St. 125*; *People* v. *Lightner*, 49 *Cal. 226*; *Bass* v. *Irvin*, 49 *Ga. 436*; *Chapman* v. *State*, 5 *Blackf. 111*; *Jones* v. *Johnson*, 61 *Ind. 257*.

A confession of judgment and *præcipe* for a *fi. fa.* handed to a prothonotary on Sunday, who entered the judgment and issued the execution the next day, was held valid, *Kauffman's Appeal*, 70 *Pa. St. 261*; and a judgment confessed on a warrant which is dated on Sunday, *Baker* v. *Lukens*, 35 *Pa. St. 146*; and a replevin bond executed on Sunday, but not delivered until Monday, is valid, *Prather* v. *Harlan*, 6 *Bush 187*.

Where there is conflicting evidence whether a judgment was actually rendered on Sunday or not, it will be sustained, *Bishop* v. *Carter*, 29 *Iowa 165*.

As to other acts on holidays, see *Hagerty* v. *Engle*, 14 *Vr. 299*; *Commercial Ins. Co.* v. *Union Ins. Co.*, 19 *How. 320*; *State* v. *Schnierle*, 5 *Rich. 299*.

The Fourth of July is a holiday, *Swinney* v. *Johnson*, 18 *Ark. 534*; *Munro* v. *Allaire*, 2 *Caines 183*; *Cuyler* v. *Stevens*, 4 *Wend. 566*; see *Ruge* v. *State*, 62 *Ind. 388*; and Christmas, *Reithmiller* v. *People*, 44 *Mich. 280*; *Tassell* v. *Lewis*, 1 *Ld. Raym. 743*.

As to Commencement, see *City Bank* v. *Cutter*, 3 *Pick. 414*; and Saturday for a Jew, *Lindo* v. *Unsworth*, 2 *Camp. 602*; *Isaacs* v. *Beth Hamedash Soc.*, 1 *Hilt. 469*; *Stansbury* v. *Marks*, 2 *Dall. 213*; *Simon* v. *Gratz*, 2 *P. & W.* (*Pa.*) *412*; *Society* v. *Com.*, 52 *Pa. St. 125*; *Marks* v. *Wilson*, 11 *Abb. Pr. 87*.

Whether holidays are, by usage, included in contracts &c., *Reg.* v. *Stoke*, 5 *A. & E.* (*N. S.*) *303*; *Cochran* v. *Retberg*, 3 *Esp. 121*; *School District* v. *Gage*, 39 *Mich. 484*; *Hosley* v. *Black*, 28 *N. Y. 438*; *Brooks* v. *Minturn*, 1 *Cal. 481*; *Rigney* v. *White*, 4 *Daly 400*.

Exceptions to judicial proceedings on Sunday may be waived, *Venable* v. *Baptist Church*, 25 *Kan. 177*; *Comer* v. *Jackson*, 50 *Ala. 384*; *Wright* v. *Jeffrey*, 5 *Cow. 15*; *Grider* v. *Apperson*, 38 *Ark. 388*; *Pierce* v. *Rehfuss*, 35 *Mich. 53*; *Roberts* v. *Bower*, 5 *Hun 558*; see *Hanson* v. *Shackelton*, 4 *Dowl. 48*; *Vanderpool* v. *Wright*, 1 *Cow. 209*; *Taylor* v. *Phillips*, 3 *East 155*; *Louden* v. *East Saginaw*, 41 *Mich. 18*.—Rep.

that the court shall not be held on the holiday, but it is not necessary to make a subpœna to answer returnable on some day on which court is held. The chancery act provides that the court shall be considered always open for the return of such writs. *Rev. p. 104 § 3.* The motion is denied, but without costs.