# FARMERS IMPLEMENT COMPANY OF HALLOCK v. CHARLES SANDBERG.[1]

April 28, 1916.

Nos. 19,428—(29).

**Service of summons on Lincoln's birthday.**

1. Under G. S. 1913, § 9412, subd. 6 (R. L. 1905, § 5514, subd. 6), providing that the word "holiday" shall include, among other days, "Lincoln's birthday, February 12," and providing that "no public business shall be transacted on those days except in cases of necessity, nor shall any civil process be served thereon," the words "civil process" include the original summons in a civil action.

**Same — court without jurisdiction.**

2. The service of summons on Lincoln's birthday, when the statute forbids, does not confer jurisdiction.

Defendant moved to vacate a judgment entered against him by default in the district court for Kittson county. From an order denying the motion to vacate, Grindeland, J., defendant appealed. Reversed.

*A. D. Bornemann,* for appellant.

*R. V. Blethen,* for respondent.

DIBELL, C.

Appeal by the defendant from an order denying his motion to set aside a judgment for want of jurisdiction.

1. The summons was personally served upon the defendant on February 12, 1915. Upon this service judgment by default was entered. By G. S. 1913, § 9412, subd. 6 (R. L. 1905, § 5514, subd. 6), the word "holiday" includes, among other days, "Lincoln's birthday, February 12." This subdivision of the statute provides: "No public business

[1]Reported in 157 N. W. 642.

Note.—On how far the law of holidays extends to issue and service of process, see note in 19 L.R.A. 318.

shall be transacted on those days, except in cases of necessity, nor shall any civil process be served thereon." The question is whether a summons in a civil action is civil process within the meaning of this section. We have no direct construction of the statute. In Malmgren v. Phinney, 50 Minn. 457, 52 N. W. 915, 18 L.R.A. 753, it was held that a summons was properly served by publication though one of the publication days was Memorial Day, a legal holiday. The court said: "The object of the prohibition against serving process on these holidays is to prevent any interference with their quiet enjoyment or observance, either by the intrusion of officers to serve process, or by the parties being compelled to obey them on those days. This reason applies to personal service, but not to service by publication." The implication is that a summons is civil process within the statute. An examination of our statutes shows that the terms "process" and "legal process" are of frequent use. A foreign beneficiary association must appoint the insurance commissioner as its attorney upon whom "all legal process" may be served. G. S. 1913, § 7735 (R. L. 1905, § 4109). In Kulberg v. Fraternal Union of America, 131 Minn. 131, 154 N. W. 748, jurisdiction of a defendant was acquired by service of the summons upon the insurance commissioner in accordance with the statute. There was no other service. Jurisdiction was sustained upon the theory that the summons was "legal process" within the statute, and in this, as in other similar cases, it was not questioned. By G. S. 1913, § 7783 (R. L. 1905, § 4157), the court is given power to amend any "pleading, process or proceedings," etc. In Lockway v. Modern Woodmen of America, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913 A, 555, the amendment of a summons by changing the period of 20 days in which it required the defendant to answer to 30 days, the period fixed by the statute, was sustained. There are many other statutes using language like "process" and "legal process" which clearly intend to include within the term used the summons by which jurisdiction is acquired. The term "civil process" as used in the statute quoted should have this construction.

The word "process" as used in section 14 of article 6 of the Constitution prescribing the style of process has been held not to include summons. Hanna v. Russell, 12 Minn. 43 (80) ; Lowry v. Harris, 12 Minn.

166 (255). This holding was upon a ground not controlling in the construction of the statute.

2. It is competent for the legislature to prohibit the service of process upon holidays. Under statutes like ours, forbidding service on holidays, the authorities hold in substantial accord that such service does not confer jurisdiction. Crisp v. Gochnour, 34 S. D. 364, 148 N. W. 624; Michael v. Michael (Tex. Civ. App.) 100 S. W. 1018; Swinney v. Johnson, 18 Ark. 534; Paul v. Bruce & Co, 9 Bush (Ky.) 317; Weeks v. Noxon, 11 How. Pr. 189; Bierce v. Smith, 2 Abb. Pr. 411; 21 Cyc. 443. This seems to be the effect of Burton v. Schenck, 40 Minn. 52, 41 N. W. 244. And see Malmgren v. Phinney, 50 Minn. 457, 52 N. W. 915, 18 L.R.A. 753, quoted in preceding paragraph, and City of St. Paul v. Robinson, 129 Minn. 383, 152 N. W. 777.

The term "civil process" as used in the statute includes the summons in a civil action, and a summons served upon Lincoln's birthday does not confer jurisdiction.

Order reversed. _____