ALBANY,
January, 1818.

BUTLER
v.
KELSEY.

Judgment for the defendants.

————◦※◦————

BUTLER *against* KELSEY.

THIS was an action of slander, in which the defendant suffered judgment to be entered by default, and, on a writ of inquiry executed before the sheriff of *Dutchess* county, the jury assessed the damages to one hundred and forty-seven dollars.

*Bloom,* for the defendant, now moved to set aside the inquisition, for irregularity. It appeared, from the affidavits

A writ of inquiry of damages cannot be executed on a *Sunday;* nor can the jury who have been impannelcd on *Saturday*, and heard the allegations and proofs of the parties before 12 o'clock, at night, assess the damages and deliver their verdict to the sheriff on *Sunday.*

If the plaintiff has any objections to any of the jurors, he must make them openly, and if he state them privately to the sheriff, who thereupon discharges a juror, the inquisition will be set aside.

which were read, that the execution of the writ of inquiry was commenced before the sheriff and jury, at six o'clock on *Saturday* evening; that the hearing of the allegations and proofs of the parties, and of the defendant's counsel, detained the jury until half past eleven o'clock of *Saturday* evening, when the defendant's counsel proposed an adjournment until after *Sunday*, but the plaintiff's counsel declined an adjournment, not considering the objection to giving a verdict on *Sunday* morning, sufficient ; that the jury retired to consider of their verdict about one o'clock, A. M. of *Sunday*, and returned their verdict about 4 o'clock, A. M. of that day. Before the jury were summoned, the plaintiff's attorney requested the sheriff not to summon two men, who were freeholders, but against whom there was some objection as to their sitting in this cause, and the sheriff omitted to summon them ; and it appeared that the defendant had consented their being omitted by the sheriff. *T. B.* another freeholder and inhabitant of *Poughkeepsie,* who was summoned by the sheriff, appeared, and the plaintiff's attorney called the sheriff aside, and stated an objection to *T. B.* as a juror, and the sheriff discharged him, and put another juror on the panel. It did not appear that the defendant knew of the objection made to *T. B.* Some of the jurors stated that they understood that the defendant's counsel consented to waive any objection to proceeding with the inquiry on *Sunday* morning, otherwise they should have refused to proceed.

*Bloom* contended, that the inquisition ought to be set aside, on two grounds : 1. Because it was partly executed and taken on *Sunday* morning. 2. Because the plaintiff's attorney improperly interfered in the selection of the jurors.

In support of the first point, he cited, 2 *N. R. L.* 195. *Jacob's Law Dict.* 140. ad voc. *Sunday.* 2 *Inst.* 264. 1 *Ld. Raym.* 706. 8 *East,* 547. 1 *Str.* 387. 8 *Johns. Rep.* 290. To the second point, *Trials per Pais,* 169. 9 *Johns. Rep.* 260. 1 *Coxe's New-Jersey Rep.* 6. 169.

*P. Ruggles,* contra.

*Per Curiam.* The inquisition ought to be set aside. The writ was executed on *Sunday*, within the meaning of the statute. There was no necessity for taking the inquisition on *Sunday*, as the cause might have been adjourned over until *Monday*. It is not like the case of a trial at a circuit, where a verdict is sometimes taken on *Sunday* morning, because the jury must, otherwise, be kept together during *Sunday.(a)*

On the second ground, also, the inquisition ought to be set aside. Though the plaintiff's attorney may have acted with good intentions, and from no improper motive, yet if there is any legal or valid objection to a juror, it ought to be openly and publicly stated, and the sheriff may then set aside the juror against whom the objection is made, and summon another; or if he should refuse to do so, it would be ground for an application to set aside the inquisition. There must be no interference with the jury or the sheriff.

Motion granted.

(a) Vide *Hoghtaling* v. *Osborn, ante.* p. 119.