1832.

WHEELER
v.
BARTLETT.

WHEELER and another *vs.* BARTLETT.

Writs of Subpœna and Injunction can be served during the days of holding the election for charter officers.

THE question here was, how far service of process in the city of New York would be good during an election for charter officers?

*April 23,*
1832.

*Practice.*

Writs of Subpœna and Injunction had been served upon the defendant. A motion was now made, that these writs and all subsequent proceedings should be set aside and vacated, and the injunction be dissolved, with costs.

*Service of process during election.*

The defendant swore he was a citizen and upwards of twenty one years of age; also, an inhabitant of the State of New York for more than one year; that he had been a resident of the city for upwards of six months; and, was an elector duly qualified. It also appeared, by his deposition, that the election for charter officers was held on the tenth, eleventh and twelfth days of April instant: on the last of which days, and before the closing of the polls, he was served with the writs of Subpœna and Injunction.

Mr. *Elias H. Ely*, for the motion.

Mr. *Seth P. Staples*, for the complainants.

THE VICE-CHANCELLOR. The statute which reduced the several laws relating particularly to the city of New York into one act (2 Laws of N. Y., Revision of 1813, p. 342,) contains the following section (sec. xvii.) " That it shall not be lawful " for any officer or minister of justice to serve any civil process " in the said city on any person entitled to vote at any election " to be held by virtue of this act, on any day during such elec-

*April 24.*

WHEELER
v.
BARTLETT.

" tion." This act relates to the election of charter officers. There is nothing which affects this section either in the act amending the charter of the city of New York, (fifty-third session, chap. 122, April 7, 1830, p. 125,) or in the statute additional to the act respecting the election of the charter officers. (Ib. April 19, 1830, p. 285.)

By the Revised Statutes, relating to the election of all offi-cers made by the people, it is provided: " whenever an election " shall be held in any city or town pursuant to this chapter, no " civil process shall be served in such city or town on any " elector entitled to vote therein on either of the days during " which such election shall be held :" 1 R. S. 127, sec. 4.

The general consolidating law in the revision of 1813, to which we have first alluded, has not been repealed or modified by any of the subsequent acts; except, possibly, some of the provisions in the amendment of the charter may have a bearing upon it. It will be seen, that the Revised Statutes do not cover the ground of this act.

I consider this question is to be determined entirely by the law of one thousand eight hundred and thirteen.

Now, the process in the present case was not served by " any officer or minister of justice ;" nor was there any neces-sity it should be so executed. The section has a reference to process which causes duress: but here, there was not and could not be any arrest. It could offer no impediment to the privilege of going to the polls, or of voting, or returning from them. It does not, therefore, come within the meaning of the civil process intended by the legislature; and the person who served the process has committed no impropriety. This mo-tion is denied.

Motion denied, with costs.(a)

---

(a) By the ancient practice of the English court of chancery, great license was allowed in the service of the subpœna : " The service is " good," says Gilbert, in his *Forum Romanum,* " in the night, or on " Sunday, if it be before the time of the return : for this being only " process of notice, and not to arrest the parties, it can create no " disturbance though it be served in the night or on Sunday." p. 43.