## MAXSON vs. ANNAS.

The act in relation to the seventh-day baptists (*Stat.* 1830, *p.* 335,) which prohibits the *service* and *execution* of all writs, process, warrants, orders, judgments, &c. on *Saturday*, upon any person who keeps that day as the sabbath, and declares that such service shall be void, does not affect a judgment *rendered* against such person on that day.

TROVER for a wagon and cutter, tried at the Madison circuit, before GRIDLEY, C. Judge, in September 1843. The case, as stated by the plaintiff's counsel in his opening to the jury, was this : the plaintiff is a seventh day baptist, whose religious faith and practice is, to keep the seventh, as a day set apart by divine command as the sabbath of rest from labor, and dedicated to the worship of God : the defendant held a note against the plaintiff, upon which he commenced a suit in a justice's court by summons returnable on the 17th day of December, 1842, that being the seventh day of the week, commonly called Saturday : as that day was the plaintiff's sabbath, he did not appear, though he had a good defence to the whole or a part of the note. On

that day a trial was had in the absence of the plaintiff, and a judgment rendered against him for damages and costs. An execution was afterwards issued on the judgment, by virtue of which the property in question was levied upon and sold. The defendant purchased the property at the sale, and converted it to his own use. The defendant knew that the plaintiff was a seventh day baptist, and that it was his faith and practice to keep the seventh day of the week as his sabbath. On this opening the plaintiff was nonsuited; and he now moves for a new trial on a case.

*Z. T. Bentley*, for the plaintiff, cited *Stat.* 1839, *p.* 335; 2 *R. L.* 195, § 5; *Van Vechten* v. *Paddock,* 12 *John.* 178; *Butler* v. *Kelsey,* 15 *id.* 177; *Field* v. *Park,* 20 *id.* 140; *Hotailing* v. *Osborn,* 15 *id.* 119; *Story* v. *Elliott,* 8 *Cowen,* 27; 1 *R. S.* 675, § 69.

*W. J. Hough*, for the defendant, cited 2 *R. S.* 275, § 7.; 8 *Cowen,* 27; 12 *Wend.* 57.

*By the Court,* BRONSON, Ch. J. The plaintiff insists that the judgment under which the defendant purchased the property is void, because it was rendered on Saturday; and he relies on the statute " in relation to the seventh day baptists." This badly drawn law provides, in substance, that no writ, process, warrant, order, judgment, decree, or other proceeding of any court, shall be *served* or *executed* on the seventh day of the week, commonly called Saturday, upon any person who keeps that day as the sabbath. Cases of breaches of the peace, and the apprehension of persons charged with crimes and misdemeanors are excepted. " The *service* of any such proceeding, in all other cases, shall be utterly void." (*Stat.* 1839, *p.* 335.) This statute, except as to the day, is much like the one which provides, that no writ, process, &c. shall be *served* or *executed* on Sunday; (1 *R. S.* 675, § 69;) and both should receive the same construction. But I am unable to read the law so that it will touch the plaintiff's case. His complaint is, that the judgment was *rendered—*

not that it was "served or executed"—on Saturday. The rendition, is a very different thing from the execution, of a judgment. We have been referred to two classes of cases; one relating to ministerial, and the other to judicial acts. The first class arose under the Sunday statute; the second had nothing to do with it. In *Butler* v. *Kelsey*, (15 *John.* 177,) which belongs to the first class, it was held that a writ of inquiry of damages could not be *executed* on Sunday. It was a plain case, falling within the very words of the statute. In *Field* v. *Park*, (20 *John.* 140,) it was held, that a notice of motion is, in effect, a *summons* to appear in court and defend against an order to be applied for; and cannot, therefore, be served on Sunday. *Van Vechten* v. *Paddock*, (12 *John.* 178,) decides, that delivering process to an officer on Sunday, is not a good commencement of an action on that day. The cases of the other class hold, that, *at the common law*, Sunday is *dies non juridicus*, and that a judgment cannot be rendered, or an award be made on that day. (*Hotailing* v. *Osborn*, 15 *John.* 119; *Story* v. *Elliott*, 8 *Cowen*, 27.) We have now a statute declaring, that "no court shall be opened, or transact any business, on Sunday, unless it be for the purpose of receiving a verdict, or discharging a jury." (2 *R. S.* 275, § 7.) We have no such statute in relation to *Saturday;* nor has the common law decided that Saturday is not a judicial day. No act is void because it was done on the sabbath, unless it has been prohibited by the common law, or by statute. (*Sayles* v. *Smith*, 12 *Wend.* 57.) The same doctrine must apply to all the other days in the week.

If the plaintiff had the process made returnable at a time when he knew the defendant could not conscientiously attend to make his defence, he is worthy of the severest censure. But still the judgment is not void. There are many social duties which are not enforced, and many wicked deeds which are not punished, by human laws.

New trial denied.