Hastings v. Ellis.

SAME TERM.    *Before the same Justices.*

HASTINGS *vs.* ELLIS and FARMER.

The title of an *indian* to property may be divested by a sale under a justice's execution, issued on a judgment recovered against him in an action upon contract, where, after personal service of process, he failed to appear and plead his disability to be sued.

An indian, sued in an action upon contract, must plead his disability in the suit. If he fails to do so, and a judgment is recovered against him, the same will be valid.

The statute forbidding any person to prosecute an Onondaga indian on a civil contract, so far as the reason for it is founded on the incapacity of the indian to make a valid contract, stands on the same footing with the cases of lunacy, infancy, and coverture, in which the party under disability must plead, and make good his defence on the trial.

REPLEVIN for a span of horses, tried at the Onondaga circuit in September, 1847. Several exceptions were taken by the

plaintiff, upon the trial, which it is not necessary to mention. The counsel for the defendants moved for a nonsuit, on the ground that the defendant Farmer was an Onondaga indian, and that a civil suit could not therefore be maintained against him. The fact that he was such, and lived on the reservation belonging to the tribe, was conceded by the plaintiff's counsel. The motion for a nonsuit was denied. The defendants proved that the horses had formerly belonged to Farmer, and that they were taken from him by one Webster, a constable, professing to act under a justice's execution on a judgment in favor of Willet and Henry Raynor, against Farmer. The plaintiff derived title under this sale, through the purchaser at such sale. No question was made about the regularity and validity of the judgment or execution under which the property was sold, provided the court had jurisdiction to render a judgment against an Onondaga indian, upon contract. The circuit judge decided that the judgment rendered by the justice was void, and directed the jury to find a verdict for the defendants ; and they found accordingly, and assessed the value of the property at one hundred dollars. The plaintiff, upon a bill of exceptions, moved for a new trial.

*Geo. F. Comstock,* for the plaintiff.

*O. Vandenburgh,* for the defendants.

*By the Court,* GRIDLEY, J. This is an action of replevin in the cepit, for two horses, taken from the plaintiff by the defendants. The defence set up at the trial of the cause, was the fact that the property belonged to Farmer. Farmer was an indian of the Onondaga tribe, and was originally the owner of the horses, and the main question was, whether his title was divested by a sale on a justice's execution issued upon a judgment recovered against him in an action upon contract. The summons was returned personally served, and no one appearing for the defendant, the justice, upon due proof, rendered a judgment for the plaintiff.

*Hastings v. Ellis.*

Were this judgment and the execution issued upon it void? It cannot be maintained that at the *common law* there was any disability on the part of an indian to make a valid contract, nor any immunity from a suit a law for a breach of it. The government, however, at a very early period interposed in behalf of this defenceless class of persons, and stringent laws were passed to protect them from the frauds and rapacity of the whites. The provision under which the judgment in this case was held at the circuit to be void, is found in the 2d Revised Laws of 1813, p. 153, § 2, and is substantially like that enacted in 1790, (2 *Greenl. Laws*, 312,) and reads as follows: " No person shall sue or maintain any action on any bond, bill, note, *promise*, or *other contract*, hereafter to be made, against any of the indians, (naming several tribes, including that of the Onondaga,) and every person who shall sue or prosecute any such action against any of the said indians, shall be liable to pay treble costs to the party grieved; provided that this section shall not extend to any action on any contract made before the first day of July, 1790." In most cases where there is a disability to be tried, such disability should be pleaded in abatement. (1 *Ch. Pl.* 437, 438.) But when the disability is absolute and perpetual, and especially when it is accompanied with a disability to contract, the party may plead the matter in bar. (1 *Ch. Pl.* 437, 438. *Id.* 461, 470.) It may be said that this statute was enacted for the protection of the indians from the consequences of their own mental incapacity and ignorance of our laws, and of the forms of proceeding in our courts; and that it cannot be made effectual for this purpose unless the judgment be held void. This view of the case prevailed at the circuit, and is certainly plausible. But it is equally true that the law adjudges an infant to be incapable of making a binding contract, on account of his supposed mental incapacity; and in certain cases, infancy as well as coverture, constitutes a disability to be sued, and forms a good ground for a plea in abatement. Nevertheless, we are not aware that a judgment against an infant taken upon default is void. It is erroneous, and the judgment is liable to be *revoked*. (11 *John.* 460. 14

Hastings *v.* Ellis.

*Id.* 417.) But no authority has been cited to show that it would be pronounced void in a collateral proceeding. Again; the prohibition is upon the plaintiff, from maintaining a suit or action upon any contract against an indian. In other cases, when the law has disabled a plaintiff from maintaining a suit, the matter must be pleaded; otherwise the objection is waived and the judgment is valid. This rule prevails where the plaintiff is an alien enemy, attainted of treason or felony, outlawed, or otherwise incapable of suing. (1 *Ch. Pl.* 436.) The act forbids a party from prosecuting an indian on a civil contract for a different reason, doubtless, and in that respect the cases are different. But so far as the reason in the latter case is founded on the incapacity of the indian to make a valid contract, it stands on the same footing with the cases of lunacy, infancy and coverture, in which the party must plead, and make good his defence on the trial. In this case the judgment was regular, and the justice had no means of knowing that the defendant was an indian. If then the judgment is void, the magistrate, who is an innocent party, must be liable in trespass. This would seem to be a sufficient reason why we should not adopt a construction leading to such a result, except upon the most conclusive grounds founded upon the necessary interpretation of the act. But we do not think that such is a necessary interpretation of the act. The prohibition is on the *party* and not upon the *court.* The act has not declared the *judgment void.* When it does so it will probably make some provision for the protection of the innocent magistrate, who would otherwise be liable to be made the victim of the grossest injustice. We have said that the construction which makes the judgment void, is not a necessary interpretation of the act. We said this in view of the first clause of the section only. But when we look to the following provision no doubt can remain that the defendant must avail himself of his defence in the suit; and that if he fails to do so, the judgment will be valid. We have seen that the plaintiff is forbidden to sue. That prohibition is contained in the first clause of this section; and the next declares the penalty; which is that he shall be defeated, with a

*judgment against him of treble costs.* The statute must have therefore contemplated an appearance by the defendant, a plea, a trial, and a judgment: all which is utterly inconsistent with the idea that the proceeding is *coram non judice* and void. There are several statutes containing provisions somewhat analogous to the one under consideration, which have received a construction in accordance with the view we have taken of this. But we do not deem it necessary to do more than cite them. (2 *R. S.* 296. 1 *R. L.* 75. 1 *R. S.* 127, § 4. *Id.* 675. *Laws of* 1839, *p.* 335. 1 *Denio*, 204.)

If we are right upon this point, it will not only entitle the plaintiff to have the verdict set aside, but will dispose of the case upon another trial, and therefore we have not examined the other questions discussed on the argument.

New trial granted.

