ANDREWS, J.
On November 3, 1891, the day of the general election in this State, the Honorable A. R. LAWRENCE, one of the justices of the Supreme Court, upon application made to him at his chambers in the City of New York, in behalf of the relator, a duly qualified elector of the 7th election district of the 2nd assembly district of that city, made an order requiring the inspectors in that election district to show cause before him at the court house in said city at 3 o’clock P. M. of that day, why a writ of peremptory mandamus should not be issued commanding and requiring them to permit the relator to take the disability oath provided in the election law, and upon taking the oath to permit him to retire with a person of his selection to one of the booths and compartments provided in said election district, for the purpose of preparing his ballot, and to accept, receive, and deposit the ballot when prepared, etc. The affidavit upon which the application was made set out certain facts which, in the opinion of the learned justice, entitled the relator to this relief. The order to show cause was served on Donovan and the other inspectors within the time limited by the order, but they did not appear on its return, and thereupon, due proof of the service of the order having been made, and of other facts, the justice issued a peremptory writ following the order to show cause and commanding the inspectors to do and permit the things therein stated.
The peremptory writ was served on the inspectors before the closing of the polls and there is evidence tending to show that they refused to obey it. Subsequently application was made to the court at Special Term to punish the inspector for contempt in disobeying the writ and the proceedings resulted in an order adjudging the defendant Donovan guilty of contempt and imposing upon him a fine *175 of $250 and ten days imprisonment, as a punishment for his misconduct. The order was affirmed on appeal to the General Term and the present appeal is from the order of affirmance.
The order made by the Special Term is challenged on the ground that Mr. Justice LAWRENCE sitting at chambers, and not as a court, had no jurisdiction to issue the mandamus for the disobedience of which the order, punishing the defendant forcontempt was made. If this point is well taken it disposes of the case, and the orders of the .Special and General Terms must be reversed ; for it is a clear proposition that an order made by a court or judge in a proceeding of which the tribunal or officer had no jurisdiction and which is not merely irregular or erroneous, is not a lawful mandate, and disobedience thereto cannot be punished as a contempt (Code Civ. Pro. § 8 ; Eng. & Am. Ency. of Law, Vol. 3, p. 788, and cases cited).
The power to issue the writ of mandamus was at common law lodged exclusively in the court of King’s Bench because of the general superintendence it exercised over all inferior jurisdictions, and unless conferred by statute, could be exercised by no other court in the realm. It was one of the prerogative writs, and if any trace is to be found of an attempt by any other court to exercise the jurisdiction in the absence of a special statute conferring the authority, it was in the nature of a usurpation (Audley v. May, Poph. 176 ; 2 Blk. Com. 110; Moses on Mand. 16; People ex rel. Ryan v. Green, 58 N. Y. 296). The jurisdiction resided in the court and not in the individual judges, and the writ was issued in term and not in vacation.
In colonial times the supreme court of the Colony of New York, by the ordinances of 1699 and 1704, was invested with • all the powers of the courts of King’s Bench, common pleas and exchequer in England, and by the Revised Statutes (2 R. S. [3d. ed.] p. 259, § 1) the supreme court of the State was declared to be vested *176 with all the powers and jurisdiction which belonged to the supreme court of the Colony of New York, with certain exceptions not now material to be noticed. The same statutes regulated proceedings by mandamus, and while they do not expressly limit the power to issue the writ to the supreme court, or prohibit its being issued by a judge out of court, they assume that the power' inheres alone in this supreme jurisdiction is to be exercised by the court as such (2 Rev. St. 608, tit. Writs of Mandamus and Prohibition).
The statute of 1873, chapter 239, has been construed as conferring upon certain other courts the power to issue the writ (People ex. rel. Ryan v. Green, supra), and it may be conceded that the Legislature could authorize the writ to be issued by a judge in vacation, although it is difficult to see how such a jurisdiction could be conveniently exercised in view of the fact that the proceeding by mandamus is substantially an action which may involve pleadings, issues, trial and final judgment upon the right, unless the power of the judge acting in chambers and not .as a court should be restricted to issuing the writ returnable before the court, as is the procedure in some of the States.
The power of the judge to issue the writ involved in the present appeal is placed on section 770 of the Code of Civil Procedure, which declares that “ in the first judicial district a motion which elsewhere must be made in court may be made to a judge out of court, except for a new trial on the merits.” The argument is that an application for a writ of mandamus is under the Code a motion, and that the writ when issued is an order, and that although elsewhere it can only be issued on application to the court, and not by a judge out of court, nevertheless in the first district, under the section quoted, the motion may be made before, and the writ may be issued by, a judge at chambers. It is to be observed that section 770 of the Code .of Civil Procedure, is substantially a re-enactment *177 of section 401 of the Code of Procedure. But the former code expressly excepted mandamus proceedings from its operation (§ 471), and under that code a judge out of court in the first district had no power in mandamus proceedings other or greater than was possessed by any other judge in any other part of the State. It seems to be clear that under the former code a judge out of court could not have issued a mandamus, as that power by practice and the general understanding could be exercised only by a court, and could not be exercised by a judge out of court.
It remains to consider whether the Code of Civil Procedure has enlarged the power of a judge in the first district so as to enable him to issue a mandamus out of term or when not sitting as a court. Prior to the enactment of the Code of Civil Procedure, the writs of habeas corpus, mandamus, prohibition, etc., were regulated by statutes and the practice of the courts. In the Code of Civil Procedure these statutes and the practice thereunder were brought together and codified under the title “ Special proceedings instituted by State writ,” and the writs above enumerated were denominated State writs. The several writs are treated of in separate articles and the procedure .is regulated with great detail. The respective articles define how and when and by what authority writs to which they severally relate may be issued. The power to issue writs of habeas corpus was for obvious reasons conferred upon both the supreme court at Special or General Term, and upon judges out of court, and judicial officers authorized to perform the duties of a judge (§2017). But the articles relating to writs of mandamus expressly confines the power to issue the writ of a court at Special or General Term. Section 2068 is as follows: “ Except where special provision is made therefor in this article, a writ of mandamus can be granted only at a Special Term of the court. In the supreme court, the Special Term .must be one held within the judicial district embracing the *178 county wherein an issue of fact founded upon an alternative writ is triable as prescribed in this article.” The following section (2069) prescribes in what cases the writ may or shall be granted at General Term.
Section 2069 contains the only provision in the article which permits any tribunal other than the Special Term to grant the writ.
The right of a judge out of court to grant the writ seems to be necessarily excluded by the language of section 2086, since there is “ no other provision in the article ” conferring upon a judge out of court the authority. Even if an application for a writ of mandamus is a motion within section 768 of the Code of Civil Procedure, it is taken out of the operation of section 770 by the peremptory and unequivocal language of section 2068. In the article relating to writs of prohibition are sections limiting the power to issue those writs to the court at Special or General Term, substantially as in the case of mandamus. It is difficult to suppose that the power to issue the extraordinary writ of prohibition was intended to be vested in a judge out of court, under the language of section 770, and yet this result would follow if the construction placed by the courts below upon the power of a judge to issue a mandamus is correct; the language of the statute in both cases being substantially the same. We find it impossible to avoid the conclusion that a judge at chambers in the City of New York, or elsewhere within the State, has no jurisdiction to issue a writ of mandamus.
The right of a voter to vote may be lost unless this power shall be conferred. Under the statute no court can be open within the State on the day of any general election to transact any business, except for the purpose of receiving a verdict or discharging a jury and for the exercise by a single magistrate of certain jurisdiction in criminal cases (§ 5, tit. I, c. 130, L. 1842, as amended by section 2, c. 240, L. 1847). The voter who is refused the right to vote can resort to no court for relief until after *179 his right is lost, as no court can entertain his application on election day. If an enlarged jurisdiction in these cases is expedient, the remedy is with the legislature. Voters outside of New York can have no relief by mandamus issued on the day of election, and we think the voters of that city under the arrangement of the statutes are in the same situation.
Our conclusion requires a reversal of the orders of the Special and General Terms.
All the judges concurred, except Gray, J., dissenting.
N. Y. Statutes relating to Sunday and Public Holidays in SO FAR AS THEY AFFF.CT COURTS OR PUBLIC OFFICES, OR THE SERVICE OF PROCESS OR PAPERS IN ACTIONS OR OTHER JUDICIAL PROCEEDINGS ; AND AUTHORITIES INTERPRETING THEIR APPLICATION.
The Holiday Act.] Laws of 1875, c. 27, as amended by L. 1887, ■c. 289, superseding L. 1881, c. 30, provided : “ § 1. The following days and half days, namely: The first day of January, commonly •called New Year’s day; the twenty-second day of February, known •as Washington’s birthday ; the thirtieth day of May, known as Decoration day; the fourth day of July, called Independence day; the. first Monday of September to be known hereafter as Labor day;.the twenty-fifth day of December, known as Christmas day; any general election day in this State; every Saturday, from twelve o'clock at noon until twelve o’clock at midnight, which is hereby designated a half-holiday, and any day appointed or recommended by the governor of this State or the president of the United States as a day of thanksgiving or fasting and prayer or other religious observance, shall for all purposes whatever as regards the presenting for payment or acceptance and of the protesting and giving notice of the ■f dishonor of bills of exchange, bank checks and promissory notes - .... be treated and considered as the first day of the week commonly called Sunday and as public holidays or half-holidays ......and provided further that in construing this section every Saturday, unless a whole holiday as aforesaid, shall until twelve o’clock noon be deemed a secular or business day. And the days and half days aforesaid shall be considered as the first day of the' -week commonly called Sunday and as public holidays or half-holidays, for all purposes whatsoever as regards the transaction of *180 business in the public offices of this State or counties Of this State. On all other days or half days excepting Sundays, such offices shall be kept open for the transaction of business.
“ § 2. Whenever the first day of January, the twenty-second day of February, the thirtieth day of May, the fourth day of July or the twenty-fifth day of December shall fall upon Sunday, the Monday next following shall be deemed a public holiday for all or any of the purposes aforesaid ; provided however that in such case all bills of exchange,” etc. ....
Code Civ. Pro. § 6.] “ A court shall not be opened, or transact any business on Sunday, except to receive a verdict or discharge a jury. An adjournment of a court on Saturday, unless made after a cause has been committed to a jury, must be to some other day than Sunday, But this section does not prevent the exercise of the jurisdiction of a magistrate, where it is necessary to preserve the peace, or in a criminal case to arrest, commit or discharge, a person charged with an offense.”
The Former Election Day Act.] 1 R. S. 8th ed. p. 410 (L. 1842, c. 130, as amended by L. 1847, c. 240), repealed by L, 1892, c. 680, § 168, p. 1655. Section 4 provided : “ Whenever an election shall be held in any city or town pursuant to this chapter, no declaration by which suit shall be commenced, or any civil process, or proceeding in the nature of civil process, shall be served on any elector entitled to vote in such city or town on the day on which such election shall be held.
“ § 5. No court shall be opened, or transact any business, in any city or town on the day such election shall be held therein, unless it be for the purpose of receiving a verdict or discharging a jury; and every adjournment Of a court in such city or town, on the day next preceding the day any such election shall be held therein, shall always be to some other day than the day of such election, except such adjournment as may be made after a cause has been committed to a jury. But this section shall not prevent the exercise of the' jurisdiction of any single magistrate when it shall be necessary in criminal cases, to preserve the peace; or to arrest offenders.
“ § 6. This title shall apply to all town meetings held ‘in the' several towns of this State, as well as to the .elections named and' provided for in this act. [Z. 1878, c. 354.] " ' '
The Public Officers Law.] 2 Z. 1892, p. 1668, c. 681, §41, provides 4s follows: “ Holidays and half-holidays shall be considered as. Sunday for all purposes relating to the transaction of business, in the public, offices of the State and of each county.”
*181 “ The Statutory Cotistruction Law].'-’ 2 L. 1892, p. 1491, c. 677, § 24, substitutes the following in place of Code Civ. Pro. § 3343, subd. 21: " The term • holiday ’ includes the following days in each year: The first day of January, known as New Year’s day; the twenty-second day of February, known as Washington’s birthday; the thirtieth day of May, known as Memorial day; the fourth day of July, known as Independence day; the first Monday in September, known as Labor day, and the twenty-fifth day of December, known as Christmas day, and if either of such days is Sunday the next day thereafter; each general election day and each day appointed by the President of the United States or by the Governor of this State as a day of general thanksgiving, general fasting and prayer, or other general religious observance.
“ The term ‘ half-holiday,' includes the period from noon to midnight of each Saturday which is not a holiday.”
L. 1892, c. 677,§ 27, provides: Day; Mode of Computing Days; Night Time.—A calender day includes the time from midnight to midnight. Sunday or any day of the week specifically mentioned means a calendar day. A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done, means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half-holiday, must be excluded from the reckoning if it is the last day or an intervening day of any such period of two days. In computing any specified number of days, weeks or months from a specified event, the day upon which the event happens is deemed the day from which the reckoning is made; the day from which any specified number of days, weeks or months of time is reckoned shall be excluded in the reckoning.
“ Night time includes the time from sunset to sunrise.”
Saving clause', j 2 L. 1892, p. 1491,0. 677, § 31, provides, as to limiting the effect of this and other repealing statutes that “all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed.”
L. 1892, c. 677, was approved by the governor May 18, 1892, and provides that it shall take effect immediately.
N. Y. Penal Code.] Provides by “ § 259. The first day of the ■week being by general consent set apart for rest and religious uses. *182 the law prohibits the doing on that day of certain acts hereinafter : specified, which are serious interruptions of the repose and religious-liberty of the community.
“ § 260. A violation of the foregoing prohibition is sabbath-breaking.
“§268. All service of legal process, of any kind whatever, on the first day of the week is prohibited, except in cases of breach of the peace or apprehended breach of the peace or when sued out for the apprehension of a person charged with crime, or except where such service is specially authorized by statute. Service of any process upon said day, except as herein permitted, is absolutely void for any and every purpose whatsoever. [1 L. 1892, p. 259.]
"‘§271. Whoever maliciously procures any process in a civil* action to be served on Saturday upon any person who keeps Saturday as holy time and does not labor on that day, or serves upon him any process: returnable on that day, or maliciously procures-any civil action to which such person is a party to be adjourned to that day for trial, is guilty of a misdemeanor.”
Section 269 of the Penal Codej makes Sabbathbreaking a mis■drmeanor.
The ElectiorioLaw.] Saturday not deemed a half-holiday so as-to affect any meeting or proceeding of the board of inspectors for registry of voters.
See 2 L. 1892, p. 1618, c. 680, § 41.
Code Civ. Pro. § 2393, requires that a sale upon foreclosure by advertisement must be ” on a day other than Sunday or a public holiday.”
A writ of habeas cor pits may be issued and served on Sunday but cannot be made returnable on that day. Code Civ. Pro. § 2015.

Notes of Cases.

Legal procedure on Saturday.] Nichols v. Kelsey, 20 Abb. N. C. 14; s. c., 13 Civ. Pro. R, 154. A notice of motion may be properly-served on Saturday afternoon.
Reynolds v. Palen, 20 Abb. N. C. 11 ; S. C., 13 Civ. Pro. R. 200.. Where the last day for service of a pleading falls on Saturday, a half-holiday after 12 o’clock noon, a party has the following Monday in which to serve his pleading.
The court say: “ The plaintiff had . . . .the whole of Saturday-to serve his complaint. The last part being a holiday he was not. required to act during that part of it,” Contra, Tries v. Coar, 13 Civ. Pro. R. 152.
*183 Didsbury v. Van Tassel, 56 Hun, 423. Service of a summons on Christmas day is regular. Laws of 1881, c. 30, designating certain holidays, does not apply to judicial proceedings.
The court say: “No court can be opened for the transaction of business on the day of any general or special election or an Sunday with some exceptions unimportant here, and that is the extent of such inhibition in this State. Beyond those days legal proceedings are left untrammeled and courts may be opened and litigation may be continued on any other day.
In People ex rel. Fulton v. Supervisors of Oswego, 50 Hun, 105, (holding that a writ of mandamus maybe served on Saturday afternoon) the court say: “The statute (L. 1887, c. 289, amending L. 1875, c. 27, as amended by L. 1881, c. 30) which makes Saturday afternoon a half-holiday provides: “ The days and half days aforesaid shall be considered as the first day of the week commonly called Sunday and as public holidays for all purposes whatsoever as regards the transaction of business in the public offices of this State, or counties of this State . . . This provision is a limited one, it relates only to the transaction of business in the public offices of the State and counties.”
S. P., People v. Kearney, 47 Hun, 129, holding that a court is not a public office within the meaning of the statute, and that they may lawfully sit on Saturday afternoons.
— on election day.] King v. Platt, 37 N. Y. 155 ; S. C., more fully, 3 Abb. Pr. N. S. 434; 35 How. Pr. 23. A sale by a referee in foreclosure is not void because it was made upon an election day. Such sale is not business of a court within the statute prohibiting such business on election day.
The court say: “ The object of the law referred to was undoubtedly to remove all obstacles which might necessarily interfere with the free exercise of the elective franchise. If the ordinary business of the courts was permitted on election days, the attendance of witnesses and jurors could be compelled by compulsory process, and in that way they could be forcibly kept from the polls.”
Redfield v. Florence, 2 E. D. Smith, 339. A law (L. 1853, p. 414) —providing for the submission of amendments to the charter of a city to the vote of the electors thereof—does not establish a special election within the meaning of the sixth chapter of the R. S., and there is no objection to the holding of a court and the trial of an action on the day designated for taking such vote.
Bierce v. Smith, 2 Abb. Pr. 411. A judgment by default, based *184 upon service of summons upon an elector on election day is irregular and will be set aside.
S. P., Meeks v. Noxon, 1 Abb. Pr. 280 ; Vanderpoel v. Wright, 1 Cow. 209.
Rice v. Mead, 22 How. Pr. 445. The mere entry of a judgment by a justice of the peace on a general election day in a cause previously tried is not within the statutory prohibition forbidding the opening of courts on that day.
The court say, in distinguishing between Sunday and election day -: “ That day [Sunday] was regarded dies non juridicus before our legislature ever passed any statute making it such. It is clear that a judgment rendered on Sunday is void. And no one can doubt that the legislature prohibited the doing of such an act on Sunday; for the presumption is irresistible that they intended that day should not be unnecessarily polluted by courts. But the legislature could not have had any such intention in prohibiting courts from being opened or transacting any business on days that general elections are held......The only motive the legislature could have had in enacting the statute under consideration was to close the courts on general election days so that no elector should be hindered or kept from voting by them, unless guilty of an offense, or of threatening to commit one.”
Sunday.] Allen v. Godfrey, 44 N. Y. 433. Judgment may be entered in a justice’s court on Monday upon a verdict rendered on Sunday notwithstanding a justice of the peace is required by statute in all cases where a verdict is rendered to forthwith render judgment and enter the same in his docket.
Field v. Park, 20 Johns. 140. Service of notice of motion on Sunday is void.
Van Vechten v. Paddock, 12 Johns. 178. Held, that process can not be issued on Sunday.
The court say: “ The statute (2 N. R. L. 194; 1 R. S. 675) prohibiting the service of process on Sunday does not literally extend to this case. Nor was it necessary that it should ; for according to my understanding of the law on the subject, no process can be legally issued on Sunday. The same principles of policy, as well as of religion and morality, would interdict the issuing as well as the service of process on Sunday. And had not common law made it illegal, it is most likely that the statute would have also extended to this case. It is a maxim of the law that Sunday is dies non juridicus, and usage and the history of the law show that the courts cannot sit on Sunday.”
*185 Hoghtaling v. Osborn, 15 Johns. 118. It is proper to receive a verdict, but illegal to enter a judgment on Sunday.
Butler v. Kelsey, 15 Johns. 177. A writ of inquiry of damages upon default cannot be executed on Sunday; nor can the jury declare their verdict on that day.
The court say: “ The writ was executed on Sunday, within the meaning of the statute. There was no necessity for taking the inquisition on Sund'ay, as the cause might have been adjourned over until Monday. It is not like the case of a trial at a circuit where a verdict is sometimes taken on Sunday morning because the jury must otherwise be kept together during Sunday."
Rob v. Moffat, 3 Johns. 257. Where a writ was served on Sunday and the sheriff returned cepi corpus, on which the plaintiff proceeded and obtained judgment by default and execution, the court ordered all the proceedings to be set aside with costs on condition that no action should be brought against the sheriff for false imprisonment.
[Decided under act for suppressing immorality, Sess. 36, c. 24, § 5, 2 R. L. 193, which forbade service on Sunday of any writ, process, warrant, etc.]
Pulling v. People, 8 Barb. 384. Where a cause pending before a court of special sessions was submitted to the jury at 2 o'clock Sunday morning and the jury rendered their verdict at 3 o’clock, held that the conviction was erroneous and must be reversed.
Wood v. City of Brooklyn, 14 Barb. 425. An arrest can not be made on Sunday for a violation of a municipal ordinance as to the sale of intoxicating liquor. So held under 1 R. S. 675, § 69, prohibiting on Sunday the service of process or warrant or other proceedings of any court or officer of justice, except in cases of breach of the peace or for the apprehension of persons charged with crimes and misdemeanors or for the disturbance of religious meetings or for the violation of the Sunday laws.
Merritt v. Earle, 31 Barb. 38 ; aff’d in 29 N. Y. 115. The court say : “ It must be remembered that all prohibitions of ordinary busi- ■ ness on Sunday with us, comes from the statute. At common law judicial proceedings only were prohibited on Sunday, which is said in the books to be dies 71071 juridims. Even this is not strictly on the grounds of morality or of the Christian religion as recognized by the common law, nor was it the original practice of the Christian church. It was introduced, like many other doctrines and practices, some of which are perhaps less commendable, into popular Christianity and thence into common law and usage by the influence Of the clergy. It was well known to lawyers, at least, that until the *186 year 500 the Christian courts were open and legal business transacted in the ordinary way on Sundays as on other days. In the year 517, a canon was made forbidding this practice, which canon was subsequently confirmed by imperial constitution. It was received with other parts of the law by the Saxon kings of England, and afterwardsratified by William the Conqueror and Henry the II. Thus it comes that judicial proceedings on Sunday are void at common law.”
Story v. Elliot, 8 Cow. 27. An award by arbitrators isa judicial act and, therefore, if made and published on Sunday, it is void.
Isaacs v. Beth Homedash Soc., 1 Hilt. 469. An award of arbitrators drawn up and signed on Sunday, but dated and delivered on the following day, is valid.
Wright v. Jeffrey, 5 Cow. 15. Where the capias ad respondendum was returnable on Sunday, held, that putting in special bail although without knowledge of the defect, was a waiver of it.
Gould v. Spencer, 5 Paige, 541. Where a complainant made-his subpoena returnable Sunday and afterwards took out an attachment thereon against defendant for not appearing, the court set. .aside the attachment as irregular.
Hastings v. Farmer, 4 N. Y. 293, 296. It seems that where process in a civil action is served on Sunday or election day that a, judgment rendered in such action will be void and that it is not .necessary for the defendant so served to plead the objection in order to render it available on the trial.
[Compare S. C. in court below, reported as Hastings v. Ellis, 3 Barb. 492.]
Saturday kept as Sunday.] Maxson v. Annas, 1 Den. 204. The act in relation to the Seventh-day Baptists (Stat. 1830, p. 335), which-prohibits the service and execution of all writs, process, warrants, orders, judgments, etc., on Saturday upon any person who keeps, that day as the Sabbath, and declares that such service shall be void,, does not affect a judgment rendered against such person on that day.
Marks v. Wilson, 11 Abb. Pr. 87. Under L. 1847, c. 349, exempting persons keeping the seventh day holy from performing certain duties thereon; and declaring any person guilty of a misdemeanor who should knowingly or maliciously cause any process issued from a justice court in a civil suit to be served on such day—Held,. that a judgment in summary proceedings to recover real property was not void because the process was served on Saturday upon a person keeping that day holy, where there is nothing to show that, the service on that day was knowingly and maliciously made upon defendant.
Old rule in chancery.] Wheeler v. Bartlett, 1 Edw. 323. Under 2 Laws 1813, p. 342—providing that it shall not be lawful “for *187 any officer or minister of justice ” to serve any civil process on election day,—Held, that service of writs of subpoena and injunction was not forbidden.
[The following note is appended to the report of this case : “ By the ancient practice of the English court of chancery great license was allowed in the service of the subpoena: * The service is good ’
says Gilbert in his Forum. Romanum, ‘ in the night or on Sunday, if it be before the time of the return ; for this being only process of notice, and not to arrest the parties, it can create no disturbance though it be served in the night or on Sunday.’]
Declaration not process.] Corlies v. Holmes, 20 Wend. 681. The-service, on election day, of a declaration in a suit, commenced by the filing and service of a declaration, is not a violation of the statute forbidding the service of civil process on an elector during-the time appointed for the election of State and county officers.