MARTIN v. GOLDSTEIN.

(Municipal Court of Rochester. May, 1896.)

SUMMONS—SERVICE ON JEW—RETURN ON SATURDAY.

Under Const. art. 1, § 3, guarantying free exercise and enjoyment of religious worship, and Pen. Code, § 271, declaring it a misdemeanor to serve process returnable on Saturday on any person who keeps Saturday as a holy time, and does not labor on that day, a summons against a Jew, who observes Saturday as a holy time, made returnable on Saturday, is void.

Action by Bernard F. Martin against David Goldstein. Defendant moves to dismiss for want of jurisdiction over defendant's person. Granted.

The action was commenced by the service of a summons April 9, 1896, in the ensuing form, viz.:

Monroe County, City of Rochester—ss.: The People of the State of New York to Any Constable of said City or County: We command you to summon David Goldstein, defendant, to appear before the municipal court of the city of Rochester, to be held in the city hall, third floor, in said city, on the 18th day of April, 1896, at nine o'clock in the forenoon, to answer the complaint of Bernard F. Martin, plaintiff, in a civil action.

Witness: John M. Murphy, one of the judges of said court, at the city of Rochester, this 9th day of April, 1896.                    W. F. Chandler, Clerk.

Upon the call of the case, April 18, 1896, the defendant, by his attorney, Jacob Spahn, interposed the following preliminary objections, accompanied by an affidavit of defendant to the material facts therein set forth, viz.:

The defendant herein appears solely, only, and exclusively for the purpose of objecting to the jurisdiction of the above-named court in the above-entitled action—First, over the person of defendant, on the ground that the process and summons herein are made returnable, and each is returned, on and for a Saturday, contrary to law, against the defendant, who is a Jew, and uniformly keeps Saturday of each week as holy time, and does not labor upon that day; second, on the ground that no service of process against him, nor any affidavit or affidavits herein upon which said process is, and might or could be, issued, was ever procured upon him personally; and, third, over both the person and the property, each, of defendant, on the ground that the certain affidavit of plaintiff herein, purporting to have been made and filed herein, upon the application of plaintiff, for a warrant of attachment herein against the defendant, wholly omits to state any cause of action against the defendant, nor the facts and circumstances upon which plaintiff relies to make his

cause of action, nor the time when, the place where, and consideration for the certain indebtedness alleged to be due plaintiff against defendant in said affidavit.

Dated April 17, 1896.

The opinion of Judge WARNER, referred to by Judge MURPHY on dismissing the action, is as follows:

The law and practice of the municipal court during my incumbency of the judgeship thereof, for over twelve years, has been uniformly, in cases where process is made returnable upon a Jew on Saturday, who observes that day as holy time, to hold that under section 3, art. 1, of the constitution, construed in connection with section 271 of the Penal Code, such return is not the proper commencement of an action in that case.

Hone & Ernst (Frank J. Hone, of counsel), for plaintiff.

Jacob Spahn, for defendant.

The service was absolutely void. The court of errors (Chief Justice Bronson) holds, as to Seventh Day Baptists,—who, in the particular at issue, stand precisely where the Jew does,—that the statute provides, "in substance, that no writ, process, warrant, order, judgment, decree, or other proceeding, shall be served or executed on the seventh day of the week, commonly called Saturday, upon any person who keeps that day as the Sabbath. Cases of breaches of the peace, and the apprehension of persons charged with crimes and misdemeanors, are excepted. The service of any such proceeding in all other cases shall be utterly void. Laws 1839, p. 335. Maxson v. Annas, 1 Denio, 204. The court then adds, "This statute, except as to the day, is much like the one which provides that no writ, process, etc., shall be served or executed on Sunday, and both should receive the same construction." Id. The statute in relation to Sunday, under which the defendant, Goldstein, claims force for his objection to the court's jurisdiction at bar, likewise provides, "Service of any process except as herein permitted is absolutely void for any and every purpose whatever." Pen. Code, § 268; Laws 1892, c. 622. Thereupon the statute supplements the last provision by substantially making it a misdemeanor for any person to maliciously (which is only another way of saying without legal excuse therefore) procure or serve process upon a Jew on Saturday, etc., or (whether maliciously or not) make process then returnable. Pen. Code, § 271. It will at once be seen that, while said section 268 is the definition of a crime, said section 271 but amplifies that definition, and provides the remedy, as well as fixes the grade of the crime. See Cook's Pen. Code, §§ 268–271. The service of process forbidden by law does avoid a judgment duly rendered on a defendant's default, even where suitable objection is neither interposed to the jurisdiction nor plead. Indeed, as to provisions of the character invoked here for the defendant's protection, the court, at general term, held originally, and erroneously, that "the statute must have therefore contemplated an appearance by the defendant, a plea, a trial, and a judgment, all of which is utterly inconsistent with the idea that the proceeding is coram non judice and void. There are several statutes, containing provisions somewhat analogous to the one under consideration, which have received a construction in accordance with the view we have taken of this." Hastings v. Ellis, 3 Barn. 492, citing Maxson v. Annas, 1 Denio, 204. The Hastings Case arose out of an execution sale of an Indian's property, where the judgment upon which the execution was issued had been obtained by default, and a purchaser of the Indian's property in good faith, under said execution, had sued in replevin, upon the theory that the judgment was not void against the Indian. A judgment of nonsuit, directed by the trial court against that theory, was set aside by the general term expressly because the Indian was held to have waived his disability by not appearing pursuant to process and objecting or defending. Yet the court of appeals reversed the general term upon that point, and sustained the Indian in his rights. 4 N. Y. 293. As to the case of Marks v. Wilson, 11 Abb. Prac. 87, 88,

it may be fairly criticized, without incurring contempt, to declare thereof that the court's opinion is somewhat turbid. Nor does the judge (Hoffman) who wrote it appear to have had his attention called to the law laid down by the court of appeals in the Hastings Case. The case of Marks v. Wilson also differs with our case, because the point now and hereby made by the objecting defendant is that process was not "served," but made "returnable," contrary to law, on Saturday, upon a Jew. To serve process upon a Jew, which is made returnable on Saturday, is against the law, irrespective of whether such process was procured to be served with "malicious intent" or not. Section 3, art. 1, of the constitution, "guarantees the free exercise and enjoyment of religious profession and worship to all mankind, * * * without discrimination." Such is the precise language thereof. Section 259 of the Penal Code then selects the Sabbath, and gives it peculiar privileges, as a day for the benefit of Sabbath worshippers alone. Section 271 of the Penal Code, in its own way, selects Saturday, and gives to the latter peculiar privileges, as a day for the benefit of Saturday worshippers alone. It requires no argument to establish that interference with any worshipper, in a religion which makes either of these days holy time, as far as personally concerns him, is a prohibited wrong, under the constitution, since it prevents this person from the free exercise and enjoyment of his particular religious profession and worship. It, in effect, constitutes a "discrimination," as against his religion. It is useless for the defendant to argue that because the service of process on a Jew, or the return of that process against a Jew, on Saturday, is not expressly prohibited by law, therefore it is not void. I cannot do better than to here copy from McCall's Justice's Manual the following conclusive law, viz.: "Any person who knowingly and maliciously causes or procures any process issued from a justice's court, in a civil suit, to be served on Saturday, upon any person whose religious faith and practice is to keep that day as a day set apart by divine command as the Sabbath day of rest from labor, and dedicated to the worship of God, or serves upon any such person any such process which is made returnable on said day, or procures any suit, pending in such court against any such person, to be adjourned to be tried on said day, is guilty of a misdemeanor, and, on conviction thereof, is subject to a fine not exceeding one hundred dollars, or imprisonment not exceeding thirty days, or both. Laws 1847, c. 349. The process in such case would be void; for, when a statute inflicts a penalty for doing an act, such act is unlawful, though it be not in terms prohibited, or declared to be illegal. Griffith v. Wells, 3 Denio, 226." McCall, Just. (Ed. 1875) p. 190. The action should be dismissed, and plaintiff's attachment vacated, with the costs of the trial of an issue of law awarded to the defendant.

MURPHY, J. (orally). I shall decide this case in conformity with the established practice of this court, according to the opinion of Judge WARNER, which is filed in the defendant's behalf. Complaint dismissed, and writ of attachment vacated.